JAMES N. LONGAN

*v.*

GEORGE W. TAYLOR *et al.*

*Filed at Springfield October 31, 1889.*

SURETIES—*school treasurer's books—entries therein, and his reports— conclusive against his sureties.* In a suit upon the official bond of a township treasurer of schools, the entries in his books of account of the moneys in his hands at the date of the bond, and his report at the last day of his term of office, showing the amount of school moneys then in his hands, are conclusive upon his sureties, and they are estopped from showing such entries and report are untrue.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Logan county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action upon the bond of James N. Longan, as school treasurer of a township, William Atteberry and Joseph F. Fisher being sureties.  The bond was dated June 2, 1886, and contained the provision that the principal should account for all property that came to hand "after the date of this bond." The defense was that Longan had fully accounted for all that was in his hands when the bond was made, or that came to his hands afterward, and that the liability for shortage should fall on the prior bondsmen who were such when it occurred.

Mr. OSCAR ALLEN, for the appellant:

The principal question is, what effect shall be given to the entries in Longan's books and the report made by him on the last day of his office.

The sureties are liable only for what was actually, not constructively, in Longan's hands.  The terms of the condition are that he shall account for what "comes to his hands from the date of this bond up to the time that his successor shall qualify."

The change in the condition was made in 1879, after the *Metamora case,* 78 Ill. 394, was decided.  (See Laws of 1879, p. 305, sec. 58.)  It is to be presumed that this change means something.  That change would be naturally interpreted to mean something like this:  The courts have decided that sureties are liable for what is constructively in the principal's hands ; we will now make the bond so that they shall be liable only for what actually comes to his hands, and to that end the bond shall show that they are liable only for what he receives after the bond is made.  To construe so plain a provision as meaning that the sureties are liable for what was not in the principal's hands after the date of the bond, is to disregard those well known rules that implications are always in favor of sureties, and that they have a right to stand upon the very terms of their bond.  No unlearned man would even imagine that those words would bear such construction.  It

looks like the height of injustice to construe them to mean exactly the opposite of what they say, and to make the legislature appear to have set a trap for plain, honest, unsuspicious men, who ought to be protected, instead of injured, by judicial decisions. *Farrar* v. *United States,* 5 Pet. 373 ; *United States* v. *Boyd,* 15 id. 187 ; *United States* v. *Irving,* 1 How. 250 ; *Bruce* v. *United States,* 17 id. 437 ; *Miller* v. *Stewart,* 9 Wheat. 702.

Messrs. BLINN & HOBLET, for the appellees :

When an officer makes entries in his books, or in a report which the law requires him to make, both he and the sureties on his bond are estopped to deny the correctness of those entries. *City of Chicago* v. *Gage,* 95 Ill. 626 ; *Fogarty* v. *Reame,* 100 id. 369 ; *Morley* v. *Metamora,* 78 id. 394 ; *Roper* v. *Samgamon Lodge,* 91 id. 518.

Per CURIAM : The question here is that of the liability of the sureties of a township treasurer of schools upon his official bond.

The circuit court refused to hold as follows, namely :

"The entries introduced in evidence by plaintiffs, from the books kept by Longan, as treasurer, do not operate as an estoppel against defendants, to prevent them from proving that such entries are untrue. The report to the trustees, introduced in evidence as made by said Longan on the last day he was in office, and stating the amount of money then in the hands of said Longan, does not operate as an estoppel against defendants, to prevent them from proving that such amount was not then in his hands."

And this refusal is assigned for error. It is clear that the circuit court was required to refuse to hold as thus requested, by *Morley* v. *Metamora,* 78 Ill. 394, *Roper et al.* v. *Sangamon Lodge,* 91 id. 518, and *City of Chicago* v. *Gage,* 95 id. 593 ; and we do not think that the ends of justice now require that we should reconsider the reasoning in their support.

In our opinion, the use of the words in this bond, "from the date of his bond," does not have any effect in restricting the liability of the sureties. Without the use of those words their undertaking would have been, in theory, entirely prospective, and they could have been held liable only for defaults occurring, in legal contemplation, after they became bound by signing the bond.

The judgment must be affirmed.

*Judgment affirmed.*