## Doll et al., Impleaded etc., v. The People, etc., use of County of Clark.

1. *Estoppel—Binding upon principal in a bond, binding upon his sureties.*—The principal in an official bond (in this case being the county

Doll v. The People.

treasurer) is estopped to deny the truth of his own reports and records. It is a part of his official duty to keep correct accounts and make correct reports. To secure the performance of this duty is one of the objects and conditions of his bond. He can not be heard to falsify his own official records, and whatever binds him in this respect, binds his sureties.

Memorandum.—Action of debt on the official bond of Aaron P. Cole, County Treasurer. Appeal from a judgment rendered by the Circuit Court of Clark County; the Hon. FERDINAND BOOKWALTER, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 24, 1892.

The opinion states the case.

### APPELLANTS' BRIEF.

A surety upon an official bond is not liable for a defalcation occurring during a former term, much less during the term of a former treasurer, when he was not surety. The liability is upon the bond for the term in which the misappropriation occurred. Stern v. People, etc., 96 Ill. 475; Potter v. Trustees, 11 Ill. App. 280; Mechem on Public Officers, 286–287.

The doctrine of the Gage case (City of Chicago v. Gage, 95 Ill. 593) is, we believe, opposed to the weight of authority in this country, in holding that the official reports, accounts and records, even where the officer was his own successor and the official accounts and records were made and kept as required by law, are conclusive upon his sureties.

That such official reports, accounts and records are *prima facie*, but not conclusive, is held by the courts of the United States, New York, New Jersey, Massachusetts, North Carolina, South Carolina, Alabama, Missouri, Texas, Nevada, Mississippi, Indiana, Arkansas, Nebraska and Wisconsin; U. S. v. Boyd, 5 How. 50; Soule v. U. S., 100 U. S. 8; Bissell v. Saxton, 66 N. Y. 55; Supervisors v. Bristol, 99 N. Y. 316; Freeholders v. Wilson, 1 Harr. (N. J.) 117; Hatch v. Attleborough, 97 Mass. 533; State v. Fullenwider, 4 Ired. (Law) 364; Treasurers v. Bates, 2 Bailey, 381; Coleman v. Pike, 83 Ala. 326, 3 Am. St. Rep. 746 and note; State v. Smith, 26 Mo. 226; Broad v. Paris, 66 Texas, 119; State v. Rhoades, 6

Nev. 352; Mann v. Yazoo, 31 Miss. 574; Lowry v. State, 64
Ind. 421; State v. Newton, 33 Ark. 276; Van Sickel v.
County of Buffalo, 13 Neb. 103; Vivian v. Otis, 24 Wis. 518.

That such official accounts and reports, made by an officer
who was his own successor and in the manner prescribed by
law, are conclusive upon sureties, has never been accepted
by law, except in the four States of Virginia, Indiana, Illi-
nois and Iowa. The doctrine originated in Virginia, in
Baker v. Preston, 1 Gilmer, 235, which was decided by a
special court organized to try a single case. It has been
expressly repudiated in nearly every one of the cases
above cited, and has been so far discredited and questioned
in later Virginia cases as to be no longer regarded as author-
ity. Munford v. Overseers, 2 Rand. (Va.) 313; Jacobs v.
Hill, 2 Leigh (Va.) 393; Craddock v. Turner, 6 Leigh (Va.)
116; Crawford v. Turk, 24 Gratt. (Va.) 176.

Baker v. Preston was followed in Indiana in State v.
Grammer, 29 Ind. 530, but this case and the doctrine has
been subsequently overruled in Indiana. Lowry v. State,
64 Ind. 421; Ohning v. Evansville, 66 Ind. 59.

Subsequently to these decisions the legislature declared
such settlements not conclusive. And it is said to be "evi-
dent that the legislature meant to do what the court has
done—overturn the doctrine of estoppel as declared in State
v. Grammer, 29 Ind. 530, and leave the officers' accounts
open for investigation in cases of fraud or mistake." Heagy
v. State, 85 Ind. 260, 262.

All law writers and reviewers seem to agree that the
weight of authority and the true rule is that such official
reports and accounts are only *prima facie*, against sureties.
Mechem on Public officers, par. 289; Central Law Journal,
Vol. 10, page 18; Murphree on Official Bonds, par. 591;
Brandt on Suretyship, par. 522; also note to par. 467 where
Morley v. Town of Metamora, 78 Ill. 394, is stated to be
opposed in principle to the decided weight of authority.
Bigelow on Estoppel, 5th ed., note 2, page 146.

GOLDEN & HAMMILL, attorneys for appellants.

Doll v. The People.

The ruling of the trial court was clearly right, and was in harmony with, and is fully sustained by, the following cases: Longan v. Taylor et al., 130 Ill. 412; City of Chicago v. Gage, 95 Ill. 593; Morley v. Metamora, 78 Ill. 394; Roper et al. v. Sangamon Lodge, 91 Ill. 518.

The sureties on an official bond can make no defense that the principal could not make. The measure of his responsibility is the measure of theirs. Boone Co. v. Jones, 2 N. W. Rep. 937; McCabe v. Raney, 32 Ind. 309; Seaver v. Young, 16 Vt. 658; Charles v. Hoskins, 14 Iowa, 471.

They are estopped to deny the records kept and statements made of their principal's accounts at the beginning of his term of office, which have been made a matter of record. Longan v. Taylor, 130 Ill. 412; City of Chicago v. Gage, 95 Ill. 593; Baker v. Preston, 1 Gilmer (Va.) 235.

In the case of Baker v. Preston, 1 Gilmer (Va.) 235, which was a suit against the treasurer and his sureties, the court said that " the books kept by the treasurer and reports made by him were conclusive evidence of the balances actually in the treasury at any given time, both against the treasurer and his sureties." The following cases decided by the Supreme Court of Illinois, hold the same doctrine: Longan v. Taylor, 130 Ill. 412; City of Chicago v. Gage, 95 Ill. 593; Morley v. Town of Metamora, 78 Ill. 394; Pinkstaff v. People, 59 Ill. 148; Roper v. Sangamon Lodge, 91 Ill. 518; Stern et al. v. People, 96 Ill. 475; Cawley v. People, 95 Ill. 249.

Graham & Tibbs, attorneys for appellees.

T. L. Orndorff, state's attorney.

Opinion of the Court, the Hon. George W. Wall, Judge.
This was an action of debt on the official bond of Aaron P. Cole as county treasurer of Clark county. The plaintiffs recovered a judgment for the penalty of the bond to be satisfied on payment of the damages, which were as-

sessed at $5,081.71. The breach of official duty assigned in the declaration was a failure of the principal to pay over to his successor the amounts remaining in his hands at the end of his term belonging to the various funds of the county.

Sundry objections are urged to the ruling of the court in admitting and rejecting testimony, etc.; but the principal question in the case is whether the sureties can be allowed to falsify the reports made and records kept by the county treasurer, and show that he did not in fact receive from his predecessor in office, the moneys which by said reports and records he charged himself with. The amount so reported as received from his predecessor, Thomas W. Cole, who was his father, was much greater than his deficit, and if the sureties may show that it was not so received, then there was no deficit and no cause of action upon the bond in suit.

In most of the cases cited arising in this State, where the books and reports of the principal have been held conclusive in the sureties, the officer was his own successor. It was so in Roper v. Sangamon Lodge 91 Ill. 518; Morley v. Town of Metamora, 78 Ill. 394; City of Chicago v. Gage, 95 Ill. 593, and Longan v. Taylor, 130 Ill. 412, which may be regarded as typical cases.

Manifestly there are considerations applicable when the officer succeeds himself, which are not when he succeeds another.

Chief among these is the proposition, that, where one is his own successor, the money is presumed to be in his hands and the law transfers any balance to the second term. In the Gage case, *supra*, the Supreme Court discusses quite fully the reasons which should require the sureties to be held concluded by whatever concludes the principal, and cite many adjudged cases in support of the position there taken. It is unnecessary, therefore, to do more than refer to the very elaborate treatment of the subject to be found in that opinion. But there is one aspect of this case peculiar to it, and, as we think, the argument suggested thereby is of irresistible force. The predecessor of the principal defendant

Doll v. The People.

here had given his official bond, upon which he and his sureties were liable for his failure to pay over the money in his hands at the end of his term. It was of the highest importance to those sureties, and to the public, to know the actual condition of his cash account, and the truth as to the balance transferred by him to his successor, the present defendant.

If he was really a defaulter, the public had an interest in knowing the fact, so that prompt measures might be taken to enforce the liability of all parties on his bond, and it was no less important to the sureties to enable them to obtain protection as against him and to adjust their rights as to contribution among themselves.

If the default is concealed for four years many changes will occur, and it needs no argument to show that such concealment would furnish a serious ground of complaint by all parties, whether public or private, who may be affected by the fact of default. To allow the successor of the defaulter to cover up the delinquency by admitting that he had received the money and then, at the end of his term of four years, to avow it as a defense to an action on his bond, would be to enable him to shield a guilty official from prosecution and to perpetrate a gross fraud and entail great inconvenience and loss upon the public, and upon the sureties of the defaulter. Sound considerations of public policy forbid such a defense.

The principal in the bond is estopped to deny the truth of his own reports and records.

It is a part of his official duty to keep correct accounts and make correct reports, and to secure the performance of this duty, is one of the objects and conditions of the bond. He can not be heard to falsify his own official records, and whatever binds him in this respect should bind his sureties. The present case very forcibly illustrates the impolicy of allowing an incoming treasurer to cover up the default of his predecessor. The latter was the father of the former. The relation thus existing, no doubt, induced the alleged false record, the promise to make up the balance being

accepted instead of the cash. It is unnecessary to enlarge upon this feature of the case.

Therefore, upon the chief question involved, we are of opinion the ruling of the Circuit Court was right. It is not deemed necessary to consider and discuss in detail various minor points urged by appellants as to the admission of evidence; for, as we understand it, unless the proposed defense can be made, there is no doubt of liability to the extent established by the judgment. Affirmed.