DAVID B. DOLL *et al.*

*v.*

THE PEOPLE for the use of Clark County.

*Filed at Springfield, April 3, 1893.*

1. COUNTY TREASURER—*his duties—liability of sureties on his bond.* The sureties on the bond of a county treasurer are obligated to see that he shall perform all the duties which are or may be required by law of him. One of these duties is, that he shall keep proper books of account, and another is that he shall report to the county board at each regular term thereof.

2. SAME—*he and his sureties bound by his entries and reports.* Where a county treasurer on coming into office charges himself with a sum of money upon his books as received from his predecessor, and reports the receipt thereof to the county board, both he and his sureties, when sued on his bond, will thereby be concluded from denying that fact, and from showing that such sum was not paid to and received by him from his predecessor. The rule is the same whether the officer is his own successor or he succeeds another person.

3. In an action upon the official bond of a county treasurer, the obligors are estopped from impeaching and falsifying the books of account and entries therein of sums coming into his hands, belonging to the county, and his sworn reports made to the county board.

4. SAME—*sureties calling on county board to correct false entries and reports.* If a county treasurer, on assuming his official duties, enters upon the books of his office the receipt of a certain sum of money from his predecessor, and reports to the county board the receipt thereof, when in fact he has not received such sum, and the entry in the record and report is false, his sureties may call upon the county board to examine their principal under oath, and may thereby be relieved from liability as to such false receipt and report.

5. An attempt by the sureties on a county treasurer's bond to challenge the official record and reports of their principal, made for the first time after suit on the bond, comes too late.

6. EVIDENCE —*report of expert accountant—oral testimony to same matters.* In an action on a county treasurer's bond, an expert was employed by the county board to examine that officer's books and accounts. The expert was examined as a witness by the defendants, and in his evidence went over the whole ground embraced in his report to the county board, and the court admitted in evidence for the plaintiffs, the witnesses' statement or report of the account, which was objected to: *Held,* that whether such report was competent evidence was immaterial,

as the defendants had proved before the jury substantially all that it contained.

7. SAME—*refusing to admit evidence—harmless error.* When there is ample other evidence of the receipt of money by a county treasurer from his predecessor, the refusal of the court to allow evidence showing that a receipt found in the treasurer's office, given by him for such money, was not delivered and was never in the files of the office, if error, is harmless.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Clark County; the Hon. F. BOOKWALTER, Judge, presiding.

Messrs. GOLDEN & HAMILL, for the appellants:

A surety on an official bond is not liable for a defalcation occurring during a former term, much less during the term of a former treasurer, when he was not surety. The liability is upon the bond for the term in which the misappropriation occurred. *Stern* v. *People,* 96 Ill. 475; *Potter* v. *Trustees,* 11 Ill. App. 280; Mechem on Public Officers, 286, 287, and cases cited; *Morley* v. *Town of Metamora,* 78 Ill. 396.

The court erred in admitting in evidence, against objections, certain sworn statements of Aaron P. Cole, purporting to be "annual reports" of the condition of the accounts of the treasury, and in holding that the appellants' sureties were estopped to deny, explain or contradict the recitals therein. *Chicago* v. *Gage,* 95 Ill. 593.

That such official reports, accounts and records are *prima facie,* but not conclusive evidence, is held by the courts of the United States, New York, New Jersey, Massachusetts, North Carolina, South Carolina, Alabama, Missouri, Texas, Nevada, Mississippi, Indiana, Arkansas, Nebraska and Wisconsin. *U. S.* v. *Boyd,* 5 How. 50; *Soule* v. *U. S.,* 100 U. S. 8; *Bissell* v. *Saxton,* 66 N. Y. 55; *Supervisors* v. *Bristol,* 99 N. Y. 316; *Freeholders* v. *Wilson,* 1 Harr. (N. J.) 117; *Hatch* v. *Attleborough,* 97 Mass. 533; *State* v. *Fullenwider,* 4 Ired., Law, 364; *Treasurers* v. *Bates,* 2 Bai-

ley, 381; *Coleman* v. *Pike,* 83 Ala. 326; 3 Am. St. Rep.
746, and note; *State* v. *Smith,* 26 Mo. 226; *Broad* v. *Paris,*
66 Texas, 119; *State* v. *Rhoades,* 6 Nev. 352; *Mann* v.
*Yazoo,* 31 Miss. 574; *Lowry* v. *State,* 64 Ind. 421; *State*
v. *Newton,* 33 Ark. 276; *Van Sickel* v. *County of Buffalo,*
13 Nebraska, 103; *Vivian* v. *Otis,* 24 Wis. 518.

All law writers and reviewers seem to agree that the weight
of authority and the true rule is, that such official reports
and accounts are only *prima facie* evidence against sureties.
Mechem on Public Officers, par. 289; Central Law Journal,
vol. 10, p. 18; Murphree on Official Bonds, par. 591;
Brandt on Suretyship, par.522; also note to paragraph 467,
where *Morley* v. *Town of Metamora,* 78 Ill. 394, is stated to
to be opposed in principle to the decided weight of authority.
Bigelow on Estoppel, 5th Ed., note 2, p. 146.

It is clear that even where balances have been carried
forward as on hand to a second term by official reports, a
recovery should be had on the bond for the first term, if
the defalcation occurred in that term.   *Miller et al.* v. *Ma-
coupin County,* 2 Gilman, 50.

Parol or other extraneous evidence is admissible to ex-
plain, vary or even contradict a receipt for money.   *Wal-
rath* v. *Norton,* 5 Gilman, 437; *Frink* v. *Bolton,* 15 Ill. 343.

Tax receipts may be explained by parol evidence. *Elston*
v. *Kennicott,* 46 Ill. 187; *Rand* v. *Scofield,* 43 id. 167;
*Gage* v. *Hampton,* 127 id. 87; *Coleman* v. *Billings,* 89 id.
185.

A receipt being a mere acknowledgment of payment, is
subject to parol explanation or contradiction.   *Elsbarg* v.
*Myrman,* 41 Minn. 541.

A receipt by a succeeding treasurer, purporting to be in
full of the balance due the county from a deceased treasurer
on a certain fund, is only *prima facie* evidence of the pay-
ment in full, and the county can show the amount due, and
the treasurer's personal representative the amount paid, by
other evidence.   *Cole County* v. *Dallmeyer,* 101 Mo. 57.

That a receipt may be contradicted by parol evidence, has long been considered well settled law. *O'Brien* v. *Gilchrist*, 34 Maine, 354; 1 Greenleaf's Ev., sec. 305.

Even if this receipt was of that character, that parol evidence was not admissible to vary or contradict, which certainly can not be true, evidence that it was not delivered would always be admissible. *Biederman* v. *O'Connor*, 117 Ill. 493.

The court erred in admitting the report of the experts, Wilson and Price, made to the board of supervisors, covering not only liability upon the bond sued upon, but covering liabilities upon four other bonds as collector, upon which appellants were not sureties. This report was not competent evidence. It was objected to, and an exception preserved to the ruling of the court in permitting it to be read to the jury. *Kent, Admr.* v. *Mason, Exr.*, 1 Ill. App. 466; *National Bank of Commerce* v. *Meader*, 40 Minn. 325; *Commonwealth* v. *Jeffs*, 132 Mass. 5, and cases cited.

Messrs. Graham & Tibbs, and Mr. T. L. Orndorff, for the appellees:

By the special pleas the appellants sought to falsify the entries made in the books and records made and kept by the treasurer, and to show that his reports were not true. The court properly held that this could not be done. *Longan* v. *Taylor et al.*, 130 Ill. 412; *City of Chicago* v. *Gage*, 95 id. 593; *Morley* v. *Metamora*, 78 id. 394; *Roper et al.* v. *Sangamon Lodge*, 91 id. 518.

The sureties on an official bond can make no defense that the principal could not make. The measure of his responsibility is the measure of theirs. *McCabe* v. *Rainey*, 32 Ind. 309; *Seaver v. Young*, 16 Vt. 658; *Charles* v. *Haskin*, 14 Iowa, 471.

The sureties on an official bond are estopped to deny the records kept and statements made of their principal's accounts at the beginning of his term of office, which have

been made a matter of record. *Longan* v. *Taylor et al.,* 130 Ill. 412; *City of Chicago* v. *Gage,* 95 id. 593; *Baker* v. *Preston,* 1 Gilmer (Va.) 235.

The plea of *non est factum* was certainly overcome by the plaintiffs in this case when they introduced in evidence a bond as set forth in the declaration, and in support of this we cite: *Pritchet* v. *People,* 1 Gilman, 525; *Rudesill et al.* v. *Jefferson Co.,* 85 Ill. 446.

In case of *Baker* v. *Preston,* 1 Gilmer (Va.), 235, which was a suit against the treasurer and his sureties, the court said "that the books kept by the treasurer and reports made by him were conclusive evidence of the balances actually in the treasury at any given time, both against the treasurer and his sureties," and we think that the following cases, decided by the Supreme Court of Illinois, hold the same doctrine: *Longan* v. *Taylor et al.,* 130 Ill. 412; *City of Chicago* v. *Gage,* 95 id. 593; *Mosley* v. *Town of Metamora,* 78 id. 394; *Pinkstaff* v. *People,* 59 id. 148; *Roper* v. *Sangamon Lodge,* 91 id. 518; *Stern et al.* v. *People,* 96 id. 475; *Cawley* v. *People,* 95 id. 249.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt in the name of The People for the use of Clark County, on the official bond of Aaron P. Cole as county treasurer.   The bond was executed and approved for the official term of Aaron P. Cole, as county treasurer, beginning on the first Monday in December, 1886, and ending on the first Monday of December, 1890.   The breach of duty alleged in the declaration was the failure of the treasurer to pay over to his successor the amount of money belonging to the county in his hands at the expiration of his term of office.   To the declaration the defendants, Cole and his sureties on the bond, pleaded *non est factum,* not sworn to, and performance.   In addition to the two pleas mentioned, John Morton, A. N. Kester, D. B. Doll and

Wm. R. Griffith, four of the sureties on the official bond, filed three additional pleas, Nos. 3, 4 and 5. As these pleas are substantially alike, it will only be necessary to set out the first one, No. 3. In this plea it is set up, that the several assignments of breaches in said declaration mentioned are for one and the same matter, namely, the failure of the said Aaron P. Cole, when he was succeeded in office by T. R. Cornwell, his duly qualified successor in office, to pay over to the said T. R. Cornwell the sum of, to-wit: seven thousand dollars, shown by the books of the treasurer to be due and payable to said T. R. Cornwell as successor in office; but these defendants, as to the sum aforesaid, being the balance shown by the treasurer's books, to-wit: the sum of seven thousand dollars, say that in truth and in fact said sum of seven thousand dollars, or any sum shown by said books to be due and payable to said T. R. Cornwell, successor in office, never in fact was received by the said Aaron P. Cole, or came into his hands as treasurer of the county of Clark aforesaid, but was the balance of a defalcation of, to-wit: twelve thousand dollars due and payable from one Thomas W. Cole, and the securities upon his official bond, as county treasurer, for the term of office immediately prior to and as the predecessor in office of the said Aaron P. Cole, and these defendants say that such defalcation did not occur during the term of office of the said Aaron P. Cole nor while these defendants were his sureties, nor while the bond sued upon was in force; but that the said Thomas W. Cole was duly elected treasurer of the county of Clark in April, 1883, and duly qualified and gave bond as such, and continued in office till December, 1886, when he was succeeded in office by the said Aaron P. Cole; and that the defalcation aforesaid occurred during the term of office of the said Thomas W. Cole, for which the official bond of the said Thomas W. Cole is alone liable, the said sum of money, being the sum sued for, being due and payable from the said Thomas W. Cole, the same never having been paid

over in fact to the said Aaron P. Cole, his successor in office, nor was the said sum of money sued for ever received by the said Aaron P. Cole as treasurer aforesaid; and this these defendants are ready to verify.

To the three pleas the court sustained a demurrer, and the defendants electing to abide by the pleas a trial was had on the issues formed, which resulted in a judgment of $5,081.71 against the defendants, which on appeal was affirmed in the Appellate Court.

It appears from the record that upon the expiration of one year from the time Cole became treasurer he submitted to the county board of Clark county a report under oath, showing the money which came into his hands from his predecessor and from all other sources during the year, amounts paid out and the balance remaining in his hands. The report so made was audited and approved by the county board. The same course was pursued at the end of the second and third years. At the expiration of the fourth year the treasurer made his final report, showing a balance in his hands of $7,193.73, which was also audited and approved by the county board.

It also appears from the evidence that Cole had in his office a book in which he kept a record of moneys received and disbursed during his four years' term of office; his account with the county, as contained in this record, corresponded with his account, as shown by his four reports made to the county board. On the trial these four reports, together with the action of the county upon them, and the book containing a record of the transactions of the treasurer during his term of office, which he turned over to his successor, were all read in evidence by the plaintiff. For the purpose of overcoming the force and effect of this evidence, the defendants, sureties on the bond of Cole, called certain witnesses, and undertook to impeach this record evidence and prove that Cole did not in fact receive the money from his predecessor that he had reported, that the report was false

and his predecessor was a defaulter; but the court held that the reports of the collector and his official record could not be impeached or contradicted by the offered evidence, and this ruling of the court, on the admission of offered evidence, and the decision of the court in sustaining a demurrer to the pleas, which in substance involves the same question, are the principal alleged errors relied upon to reverse the judgment of the Appellate Court.

Section 5, of chapter 36, page 408, of Hurd's Statutes, provides: "Every county treasurer shall keep proper books of account, in which he shall keep a regular, just and true account of all moneys, revenues and funds received by him, stating particularly the kinds of funds received, whether in gold, silver, county orders, jury certificates, auditors' warrants, or other funds authorized by law to be received as revenues, the time when, of whom, and on what account each particular sum of money or other funds was received; and also of all moneys, revenues and funds paid out by him agreeable to law, stating particularly the time when, to whom, and on what account payment is made."

Section 6: "Said books of account shall be free to the inspection of all persons wishing to examine the same."

Section 10 provides: "That the county treasurer of each county shall report to the county board, at each regular term thereof, the amount of money, county orders, jury certificates, and other funds he may have received from every source, since his last accounting, stating by whom, on what account and at what time paid into the treasury; and also the amount of all payments from the treasury, stating particularly to whom, on what account and at what time paid out; also the amount of money, county orders, jury certificates and other funds in his hands."

The bond which the sureties executed, in express terms, required the treasurer to perform all the duties which are or may be required by law to be performed by him as

treasurer of the county. One of the duties, therefore, which the sureties agreed that the treasurer should perform, was to keep proper books of account, another was that the treasurer shall report to the county board at each regular term thereof; these were duties that the sureties bound themselves the treasurer should faithfully discharge. Shall the sureties who obligated themselves by executing the bond, that the treasurer should keep proper books of account and report to the county board the amount of money received and paid out, after the treasurer has performed these duties under oath, be permitted to impeach and falsify the books and reports of their principal. So far as the treasurer himself is concerned, he is concluded by the books and reports made to the county board; and in *City of Chicago* v. *Gage,* 95 Ill. 625, where the treasurer was his own successor, it was held that, as respects balances in his hands at the close of the first term, if he entered them in his treasurer's books as actually coming to his hands from his predecessor, and continued from time to time to return and report the same as in his hands, both he and his sureties would be concluded, in an action on his bond for the second term, from denying that these balances did actually come to his hands as treasurer. The same rule was also announced in *Morley* v. *Town of Metamora,* 78 Ill. 394, and followed in *Roper* v. *Sangamon Lodge,* 91 Ill. 518. The same question again arose in *Cawley* v. *The People,* 95 Ill., 260, and in deciding the case it is said: "It is next insisted that the court erred in permitting the report of the treasurer to be read in evidence, and in refusing to permit appellants to show the money was not in the treasurer's hands during the time he acted as treasurer under the bond they had signed." In the case of *Chicago* v. *Gage, supra,* it was held, that where the law requires a city treasurer to make and keep an account, and make statements thereof at specified times, under oath, as to receipts and disbursements, and balances on hand, these acts being within his official duties,

for the performance of which the conditions of his official bond provided, in an action on the bond the sureties are concluded from showing that the amount so appearing as treasury balances in the hands of their principal was not actually in the treasury at the time.

*Longan* v. *Taylor*, 130 Ill. 412, is also a case in point. There, in a suit on the official bond of a township treasurer of schools, the entries in his books of account of moneys in his hands at the date of the bond, and his report at the last day of his term of office, showing the amount of school moneys then in his hands, are held conclusive upon his sureties, and they were held estopped from showing such entries and reports untrue. *Stern* v. *The People*, 96 Ill. 475, has been cited by defendants as holding a different doctrine. This is a misapphrehension of the scope of the decision in that case. Whether the records of a treasurer or the reports made by him to a county board were conclusive on the sureties, was not raised or decided in that case.

Here the treasurer was not his own successor; he succeeded his father, Thomas W. Cole; but the principle which should govern as to the question involved, had Cole been his own successor, must control here. There may be some slight considerations which may apply where the officer succeeds himself, which do not seem to be applicable when he succeeds another person, but we perceive no substantial ground upon which it can be held that the sureties in the one case should be precluded from impeaching the reports of the treasurer, and allowed the same right in the other case. The bond executed by the sureties in each case is the same, and the obligation imposed by the bond is the same, and under such circumstances, upon what ground can one rule be adopted in one case and a different rule in another. When the treasurer assumed upon himself the duties of the office and entered upon the books of his office the receipt of a certain amount of money from his predecessor, or when he made his first report to the county

board, which showed the amount received from his predecessor, if the money had not been received and the entry in the record and report were false, these sureties were then at liberty to call upon the county board to examine the treasurer, under oath, as provided by section 14; had this course been pursued, they might have been relieved from liability on the bond, but they took no action whatever. The record of the treasurer and his reports were open to public inspection, but no question was ever raised by the sureties in regard to the correctness of the treasurer's accounts, as shown by his official record and reports to the county board, until he had gone out of office, and they had been sued on his official bond. The attempt to challenge the official record and reports of the treasurer, made for the first time by the sureties when sued on the official bond of the treasurer, in our opinion comes too late.

A few minor questions remain to be considered. The plaintiffs read in evidence a receipt of $16,617.04, given by Aaron P. Cole to Thomas W. Cole, which purported to have been executed in December, 1886. The evidence tended to show that this receipt was found in the treasurer's office, with other papers pertaining to the office. The defendants offered to show that the receipt was not delivered, that it was never in the files of the treasurer's office, that its contents were not true, and the money was not paid; but the court refused to allow the evidence. We think the defendants had the right to show, if they could, that the receipt was never delivered or in the files of the treasurer's office; but if the receipt had been impeached and rejected as evidence the result of the case, so far as any fact established by the receipt was concerned, would have been the same, as there was ample other evidence before the jury that the treasurer, Cole, had acknowledged the receipt from his predecessor of the same amount named in the receipt. The error, therefore, if error it was, did the defendants no harm.

It is also claimed that the court erred in the admission in evidence of a statement or report of Wm. Wilson and T. T. Price, experts, who had examined the accounts of the treasurer and made a report to the county board. Wilson testified as a witness for the defendants, and in his evidence went over the whole ground embraced in his report, and whether his report was competent evidence or not was entirely immaterial, as defendants themselves had proved before the jury substantially all that it contained. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*