## Wm. H. Schureman et al. v. People, etc., use of the Town of Normal.

1. SURETIES—*Not Estopped by Treasurer's Private Books of Account.*—The official books of account and reports of the treasurer of a municipal corporation which the law requires him to keep, and which his sureties obligate themselves he will keep, and which are public records open to inspection of his sureties, can not be challenged for the first time by his sureties when sued upon his official bond, but this rule does not apply to private books of account, kept by such treasurer in his individual and not in his public or official character.

Memorandum.—Debt on treasurer's bond. In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Declaration and pleas of *nil debit;* trial by jury; verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

LILLARD & WILLIAMS and A. E. DeMANGE, attorneys for appellants.

R. L. FLEMING, and WELTY & STERLING, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was an action of debt on the official bond of Wm. H. Schureman, town treasurer of the town of Normal, against both principal and sureties. Schureman was appointed

treasurer of the town on the 3d day of April, 1893, and his official bond was filed and approved on the 6th day of the same month. He was at the time a banker in Normal, and his predecessor in office, C. B. Parke, kept an account in his bank. On the 2d day of January, 1893, the town of Normal, in order to negotiate a loan of $1,000, issued and delivered to Parke, then its treasurer, a town order of $1,015, which Schureman discounted, and placed the proceeds to the credit of Parke. Schureman rediscounted the order at the People's Bank, in Bloomington, and that institution held and was the owner of the order when Schureman was appointed treasurer on the 3d day of April, 1893. On the 4th day of April, and before the approval of his official bond, Schureman paid the amount of the order to the People's Bank and received back the order, and on the same day he paid six other orders drawn by the town of Normal on its treasurer, aggregating the sum of $72.40. The defendants in the court below sought credit for these orders upon the theory that Schureman had paid them after and in view of his appointment as treasurer, and in anticipation of the immediate receipt of funds of the town. Upon behalf of the town it was contended that Schureman did not pay the orders as treasurer, but did so in compliance with an agreement alleged to have been made with Parke, the outgoing treasurer, to advance money to him so far as needed to pay orders presented for payment during the continuance of his term of office. This contention raised an issue of fact for the determination of the jury before whom the cause was tried. Schureman kept no official treasurer's record or account, but an account was opened and kept upon the books of the bank with him as treasurer. He was the sole proprietor of the bank. No reference was made in this account to the seven orders in dispute or either of them. The court admitted this account in evidence, which was proper to be done, as it tended to prove the contention of the appellee, but we think that the court erred in ruling that the correctness of the account could not be questioned or disputed. The position of counsel for appellee upon this point, that the account

upon the books of the bank is to be regarded as the official account and record of the treasurer's office, and that upon the authority of Doll v. The People, decided by this court (48 App. 418), and affirmed by the Supreme Court (145 Ill. 253), it can not be impeached by his sureties.    The Circuit Court accepted this as the correct view and instructed the jury as follows :

2.    The court instructs the jury that if they believe, from the evidence in this case, that W. H. Schureman, one of the defendants in this case, was the sole proprietor and manager of the banking firm of W. H. Schureman & Co., that the accounts of the said W. H. Schureman, as treasurer of the town of Normal, were kept in the books of said banking firm of W. H. Schureman & Co., offered in evidence in this case, then the law is that the defendant in this case can not dispute the correctness of said account as shown by said books.

3.    The court instructs the jury that if they believe, from the evidence in this case, that it was the duty of the defendant, W. H. Schureman, as treasurer of the town of Normal, to keep books showing his account as such treasurer, and that the said W. H. Schureman was the sole proprietor and manager of the banking firm of W. H. Schureman & Co., that the accounts of the said W. H. Schureman, as treasurer of the town of Normal, was kept in the books of said banking firm of W. H. Schureman & Co., offered in evidence in this case, then the law is that the defendant in this case can not dispute the correctness of said account as shown by said books.

Herein we think the court erred.    The ruling in the Doll case is that the official books of account and reports of a county treasurer which the law required him to keep, and which his sureties had obligated themselves that he would keep, and which were public records, open to the inspection of his sureties, could not be challenged for the first time by his sureties when sued upon the bond.    The account here produced in evidence was a private, not a public or official one.    It purported to show only deposits made by the treasurer in a bank and payments made by the bank therefrom.

It was kept by the bank, and its purpose was to show the state of accounts between the treasurer and the bank. It was not open to the inspection of the sureties nor required to be kept by law or the obligation of the bond. We think the sureties were not conclusively bound by it, and it was competent for them to prove, if they could, that Schureman had paid the orders in controversy under circumstances which entitled him, as against the town, to credit thereof. Proof, pro and con, upon this phase of the case was admitted, though the court, acting upon the theory that the account appearing upon the books of the bank could not be questioned, erroneously excluded testimony which tended to show that the orders were not paid for Parke, the outgoing treasurer. The instructions heretofore set out, however, practically withdrew from the consideration of the jury all proof on the point that was admitted by the court. Under the influence of the instructions the jury could but feel compelled to consider the account as it appeared on the books of the bank as conclusive against the treasurer and his sureties, and to disregard all the evidence that tended to challenge its correctness. The verdict and judgment thereon denied credit for the amount of the orders or any of them, and this result, it is manifest, may have been produced by the misdirection of the jury as to the law. The judgment must be, and is, reversed, and the cause remanded.