### Trustees of Schools, Macoupin County, Appellees, v. John Crawford et al., Appellants.

1. CITIES, VILLAGES AND TOWNS—*estoppel to deny records.* To permit the record made by a township treasurer of his acts or doings as such treasurer to be varied or contradicted by him by parol testimony, would be a positive and direct violation of the rules laid down by the Supreme Court of this State.

2. CITIES, VILLAGES AND TOWNS—*when township treasurer liable upon bond.* If a loan of township funds is made contrary to the statute the township treasurer is liable upon his bond and this notwithstanding he was advised or directed by the trustees to enter into the transaction in question.

Action of debt. Appeal from the County Court of Macoupin county; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

PEEBLES & PEEBLES, for appellants.

JAMES H. MURPHY and VICTOR H. HEMPHILL, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought on official bond of appellant, John Crawford, as township treasurer, town 11,

Trustees of Schools v. Crawford, 155 Ill. App. 170.

range 7, Macoupin county, to recover money loaned in violation of the statute by him as treasurer to one Richard Bacon.

Trial was had in the court below without a jury, finding judgment for appellees, $107.43; to reverse which judgment appellants prosecute this appeal. John Crawford was school treasurer of town No. 11, range 7, Macoupin county, Illinois. There came into his hands as such treasurer two notes for the sum of $50 each, signed by Richard Bacon as principal, with two parties named Johnson as sureties. The notes were originally executed about thirty years ago; they continued in the possession of the school treasurer until the year 1896 when John Crawford, as such treasurer, under direction of the trustees of schools surrendered these notes to Richard Bacon, the maker, who was then and and had been for some time insolvent, and the sureties were all either dead or had removed from the state. Crawford as such treasurer took a new note in their place, signed only by Richard Bacon and upon his treasurer's record he made the following entries:

Page 132 Township Treasurer's Cash Book
"Ledger page  1896

| Month | day | from whom | Twp. fund | Int. | Total |
|---|---|---|---|---|---|
| April | 6 | Brought forward | | | $340.36 |
| April | 6 | Joseph Roberts | $10.00 | | 10.00 |
| April | 6 | Richard Bacon | $100.00 | 57.43 | 157.43 |

$507.79"

Page 133 Township Treasurer's Cash Book.
"For T No 11, R No 7 in Macoupin County, Illinois. Expenditures and for what purposes.
Ledger page    1896.

| Month | day | To whom | Total |
|---|---|---|---|
| April | 6 | Richard Bacon, loaned | $ 50.00 |
| April | 6 | Richard Bacon, by former credit on note of Richard Bacon | 50.00 |
| April | 6 | Richard Bacon, interest added to principal loaned | 57.43 |

April  6  Jonathan Crawford, salary ...... 75.00
April  6  Distributed to districts .......... 271.32
April  6  Balance distribution funds on hand  4.04

$507.79''

The law requires that the township treasurer shall keep a record of his transactions in this respect. This record was made by him to fulfill the requirement of the law.

In surrendering the old notes and taking the new note therefor for the aggregate amount of the two old notes, and entering upon his books the receipt of so much money from Richard Bacon and crediting the same up to the town to which it belonged and charging himself with this amount upon his books and entering and crediting himself upon his books with the loan made to Richard Bacon, shows the record of the transaction so far as Jonathan Crawford is concerned; and having acknowledged the receipt of this fund and credited the proper town therewith, he thereby acknowledged the receipt of the fund in his hands and is now estopped to deny it.

Appellant insists that he should have been permitted to show the entire transaction or history upon which his record as treasurer was made and that he should not be held liable in this action upon any technical rule of law, holding that the record made by him is conclusive. To permit the record made by the treasurer of his acts or doings as such treasurer to be varied or contradicted by parol testimony would be a positive and direct violation of the rule laid down by the Supreme Court of this state and of other states upon this question. The rule is so well settled that it cannot now be questioned. The Supreme Court in the cases of Longan v. Taylor, 130 Ill. 412, Morley v. the Town of Metamora, 78 Ill. 394, and Doll v. The People, 145 Ill. 253, has determined the question that the entries made by the treasurer in his records are conclusive and cannot be varied or contradicted, and having so

acknowledged he received this fund, he thereupon became an absolute insurer of its safety and if disposed of in any other manner than that provided by statute, he became liable therefor. Swift v. Trustees of School, 189 Ill. 588; section 101 of Revised Statute, chapter 122, regarding school funds, "For all sums not exceeding $200 loaned for not more than one year two responsible sureties shall be given."

The note taken for this loan from Richard Bacon is in direct violation of this provision of the statute, and by reason thereof, and having made the loan contrary to the provisions of the statute, he is liable therefor; and the fact that he was advised or directed by the trustees of schools to surrender this note and take the new one, in the manner in which he did, is no defense to the action against him for violation of the statute for making this loan. The trustees had no right or power to and could not abrogate the provisions of this statute. It was imperative on his part to follow the statute or become liable.

The loan was made to an utterly irresponsible party and without any security whatever and Jonathan Crawford being estopped by his record to deny the loan was made, appellants have no defense whatever in this action.

The appellants assigned as error the holdings of the propositions of law of the trial court but do not argue these propositions; we, therefore, presume they have waived the errors assigned upon the propositions of law.

There is no error in this record and judgment of trial court will be affirmed.

*Affirmed.*