(No. 23005

THE PEOPLE OF THE STATE OF ILLINOIS, for the use of Tol A. Smythe, Exr., Appellant, *vs.* J. LEM BALLANCE *et al.* Appellees.

*Opinion filed June 18, 1935—Rehearing denied October 9, 1935.*

SHAW, J., dissenting.

JUNE C. SMITH, and HUGH V. MURRAY, JR., for appellant.

WARD P. HOLT, and WHAM & WHAM, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause is here on certificate of importance granted by the Appellate Court for the Fourth District. That court affirmed a judgment of the circuit court of Marion county entered in bar of appellant's action to recover certain moneys paid by him as executor of the last will and testament of W. H. Betts, deceased. The suit is on the official bond of Ballance as county treasurer. It is the claim of appellant, as made by the declaration, that on June 17, 1926, W. H. Betts, who was then county clerk, paid to Ballance,

as county treasurer, the sum of $1290.80 due Marion county from the county clerk as earnings of his office, and that Ballance thereafter falsely represented to appellant, as executor of the will of Betts, that this sum had not been paid, and that, relying upon these representations, appellant again paid the amount to Ballance as county treasurer, when, in fact, it had on June 17, 1926, been paid by Betts. Issue was jointed on these averments and the cause was submitted to the court without a jury, with findings and judgment as hereinbefore stated.

Appellant claims double payment of the sum of $1290.80. The uncontroverted facts are, that Ballance was county treasurer of Marion county from December, 1922, to December, 1926. Betts was county clerk of that county from December, 1922, until the time of his death, in September, 1926. At the June meeting of the county board the semi-annual report of the county clerk was approved and Betts was ordered to pay to the county treasurer the balance of $1290.80 shown to be due to the county. On the last day of his term of office as county treasurer Ballance presented a claim for $1290.80 to appellant, as executor of the will of Betts, who paid the same.

Appellant offered in evidence a certified copy of page 17 of the county treasurer's record showing various items of receipt from December 4, 1925, to December 4, 1926. It shows that in regular chronological order there appears on that record the following item: "June 17, 1926 W. H. Betts $1290.80." This page bore the certificate of the county treasurer as being a correct statement of receipts. Appellant also offered in evidence original reports of different officers of Marion county, with receipts of the county treasurer attached thereto by a metal staple or rivet. Among them is the original report of Betts, as county clerk, of June, 1926, showing a balance due of $1290.80, to which no receipt was attached. This paper, however, shows that some other instrument had been attached to it and re-

moved. Various other items of Betts as county clerk, from June 1, 1926, to September 9, 1926, and those of Louise W. Davidson, county clerk from September 9, 1926, to December 6, 1926, were offered in evidence showing items of receipts and balances. These show a total of balance due the treasurer from the county clerk with receipt attached thereto.

The original page 17 of the county treasurer's record was offered by appellees and received in evidence over the objection of appellant that certain amendments and notations in red ink had been made thereon concerning the entry of June 17. These notations are as follows: "This item of $1290.80 was not received in June 1926 nor from W. H. Betts but was received from Tol A. Smythe, executor of the last will and testament of W. H. Betts deceased in December 1926 in payment of the amount due Marion county from W. H. Betts as county clerk, as shown by his June 1926 semi-annual report. This amendment made this 12th day of January 1934, by the undesigned, to make this record speak the truth as she knows it to be. Eva A. Black, county treasurer of Marion county, Illinois."

Eva Black was permitted to testify, over specific objections as to her competency as a witness and as to the competency of her testimony, that she was employed in the county treasurer's office in 1926 and was at the time she testified the county treasurer; that the entry purporting to show W. H. Betts had paid the county treasurer $1290.80 on June 17, 1926, was not made until December, 1926, after appellant, as executor, had paid the amount to Ballance as treasurer. She admitted, however, certifying to the copy of the county treasurer's record showing the payment as of June 17, 1926, and admitted that she made the interlineation in red ink on January 12, 1934.

Appellant contends (1) that in a suit against the county treasurer and his sureties on his official bond neither he nor the sureties on the bond may impeach or falsify the

county treasurer's record, and that the purported amendment of Eva Black is an impeachment and falsification of the treasurer's record; and (2) that Eva Black was incompetent to testify regarding any transaction occurring prior to the death of Betts, for the reason that appellant is suing in his representative capacity as executor of Betts and the witness is directly interested in the result of the suit, and, though competent as a witness, her testimony concerning the making of the entry in the county treasurer's record is incompetent.

The first question raised on this record is whether the entry in red ink, made nearly eight years after the original entry, may be received in evidence to change, qualify or falsify the original entry. Under the statute a county treasurer is required to keep a record of and make an account of moneys received by him. That record is kept for the purpose of showing his liability to the county. In the early case of *City of Chicago* v. *Gage,* 95 Ill. 593, in a suit on a treasurer's bond, the sureties sought to prove that certain balances were not in the hands of the principal, as treasurer, at specified dates. The trial court refused to permit Gage to testify as to whether such balances charged on the books as in his hands were, in fact, in his hands on the dates of the several entries. This court sustained that ruling on the ground that the treasurer, having stated in his books that the balances actually came into his hands, is precluded to deny the correctness of his entries, and such privilege is likewise not afforded his sureties. The observation is there made that to allow Gage or his sureties, in avoidance of the liability on their bond, to falsify the balances, would be to permit him to gainsay the truth of the statement he has made under duty imposed by law.

In *Fogarty* v. *Ream,* 100 Ill. 366, a bill was brought to set aside as fraudulent certain reports of a guardian on the ground that the guardian did not, in fact, have in his possession or control funds reported by him and for which

his surety was sued. The right to do this was denied. It was there stated: "This the policy of the law will not permit him to do. It would open a wide door for frauds in such matters."

*Longan* v. *Taylor*, 130 Ill. 412, was a suit on a bond of a township treasurer. The defendant sought to show that certain entries in the books and reports of the treasurer of moneys in his hands were untrue. It was held, however, that such entries are conclusive on the treasurer and his sureties and they may not show that such entries are untrue.

*Doll* v. *People*, 145 Ill. 253, was a suit against the sureties on the bond of a county treasurer. Demurrers were sustained to a plea filed by the surety alleging that the sum of $7000 shown on the books of the treasurer as having been received by him were, in fact, never so received. Defendants abided their pleas and judgment was entered against them. That judgment was affirmed by this court on the ground that the sureties, who obligated themselves that the treasurer should keep proper books of account and report to the county board the amount of moneys received and paid out, should not be permitted to impeach and falsify the books and reports of their principal. It was also there said: "So far as the treasurer himself is concerned, he is concluded by the books and reports made to the county board."

The rule announced in the above cases was again reannounced in *People* v. *Birket*, 342 Ill. 333.

In the case before us, Ballance, as treasurer, charged himself with the receipt of $1290.80 from W. H. Betts, county clerk, on June 17, 1926. An examination of the county treasurer's record, which has been certified to this court for inspection, shows that this entry was on the line immediately following an entry of an earlier date and is followed on the next line by an entry of a later date. No blank space appears either before or after this entry. The

record indicates that it was made on the date it bears. Betts died in September, 1926, and the entry remained as originally made until January 12, 1934. As herein pointed out, Betts' report in June, 1926, and the report of the finance committee of the county board, show that he at that time owed the sum of $1290.80, and he was instructed to pay the same to the county treasurer. Ballance voluntarily charged himself with this amount on June 17, 1926. To hold that the evidence of Eva Black or the amendment to the record made in January, 1934, is admissible to show a different state of facts would establish a rule contrary to that long established in this State and would open the door to fraud. We are of the opinion that Ballance is precluded by his books from showing that the sum here involved was not, in fact, received.

The court erred in receiving in evidence the interlineations on the treasurer's record. Under this view it is not necessary to determine the question whether Eva Black was competent as a witness. It is clear that her testimony, in so far as it tended to falsify the record of the county treasurer, was incompetent.

Appellees argue that the amendment of the record on January 12, 1934, was proper, as the record by this means was made to speak the truth, and that it was competent to show such amendment by evidence. They cite cases in which this court has held that city councils, boards of education, highway commissioners or boards of local improvement may amend the records of proceedings to speak the truth and when so amended the same are admissible in evidence. These cases are not applicable to the instant case and it would serve no useful purpose to discuss them. Ballance's record, voluntarily made, conclusively shows that the amount of $1290.80 was received on June 17, 1926. There is nowhere in the record any evidence that the payment made by appellant in December, 1926, of a like sum was other than this same item.

We are of the opinion that the circuit court erred in overruling the objection to the interlineation and amendment to the treasurer's record and in entering judgment for appellees.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*

Mr. JUSTICE SHAW, dissenting.