### John J. Cowden et al., Appellants, v. Trustees of Schools, Appellees.

PRINCIPAL AND SURETY—*what not defense to action upon official bond.* In an action upon the bond of a township treasurer, the sureties cannot interpose by way of defense that reports made by such treasurer from time to time, of moneys in his hands, were false.

Bill in equity. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

LIVINGSTON & BACH, for appellants.

ROWELL & LINDLEY, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

On the twenty-fifth day of September, 1903, appellants entered into bond in the penal sum of $10,000 as sureties for Robert S. McIntyre, township treasurer of township 23 north, range 2 east, in McLean county, which bond ran to the trustees of schools of said township and was conditioned that said township treasurer should faithfully discharge the duties of his office and should deliver and pay over to his successor in office all securities, other properties, etc., that should come into his hands as such treasurer. McIntyre was his own successor as such treasurer and upon the making of said bond assumed, or continued in, the control of the affairs and property pertaining and belonging to said office up to the fifth day of December, 1906, when

he died. After McIntyre's death William M. Reeves was appointed treasurer of said township and demand was made for the funds and other property in McIntyre's custody or control as treasurer at the time of his death, when it was ascertained that McIntyre was a defaulter and suit upon the bond was brought against appellants in the Circuit Court of McLean county to recover the amount of the deficit.

While the suit at law was pending and before any trial thereof was had appellants presented their bill in equity to the chancellor of said Circuit Court in which they sought to enjoin the prosecution of said suit at law, to which bill appellee demurred. Upon a hearing the demurrer was sustained, the bill dismissed for want of equity and appellants stood by their bill and appealed.

The bill, in substance, charged that McIntyre had held his office from 1880 up to the time of his death on December 5, 1906; that he had been re-elected every two years and that he had given bond previously to the giving of the bond in suit every two years from the date of his first election in 1880; that the sureties on said former bonds were financially responsible; that during said time from 1880 to 1903 said McIntyre had made annual reports as required by law showing balances in his hands from time to time and that although the reports of McIntyre made during the time covered by the bond of appellants showed cash on hand as well as notes in large sums for which recovery was sought in the suit at law, yet such reports were false and fraudulent in this, that such cash and notes were not, in fact, on hand, but that default had been made during his previous service as such treasurer and not after September 25, 1903; that the sureties upon bonds previously given by said McIntyre should be held for such defalcations; and that an injunction should be awarded to restrain further prosecution of said suit at law.

Appellants now contend that although the said treas-

urer made and returned reports pursuant to law during his term of office covered by appellants' bond, in which he reported that the moneys and securities now sought to be recovered were in his hands as such treasurer at such times, yet they should be allowed to show that such reports of the treasurer were not in fact faithfully made.

This, in our judgment, public policy forbids. Appellants as sureties for McIntyre were bound that he would faithfully discharge the duties of his office and that his reports should be honestly made and the affairs of his office honestly administered, and it would be clearly inconsistent to allow those, who are so bound for the faithful conduct of their principal, to escape liability by showing that the official reports of such principal were not faithful acts but were false instead.

In Fogarty v. Ream, 100 Ill. 366, where a bill was filed by one who was a surety upon the bond of a guardian, to have the reports of such guardian set aside as fraudulent as to the complainant, in the bill, and it was sought to prove that the guardian did not have in his possession or control the trust funds at the time complainant became his surety, but had previously wasted the same, it was held that such action was not proper and that the policy of the law would not permit complainant to make proof of such matters.

In Cawley v. The People, 95 Ill. 250, it was held that where a county treasurer, after his re-election, made an official report showing a balance of county funds in his hands, the act being within his official duty, his sureties were concluded from showing that the amount so shown was not actually in the treasury at the time the report was made.

The same doctrine in substance was held in Chicago v. Gage, 95 Ill. 593; Morley v. Town of Metamora, 78 Ill. 394; Roper v. Sangamon Lodge, 91 Ill. 518.

The demurrer to the bill of complaint was properly sustained and the order dismissing the bill is affirmed.

*Affirmed.*