## Trustees of Schools of McLean County, Appellees, v. John J. Cowden et al., Appellants.

1. APPEALS AND ERRORS—*when action of court in sustaining demurrer to pleas not ground for reversal.* Even if a demurrer to a plea is improperly sustained, such action of the court will not reverse if upon the trial of the cause the court has accorded to the defendant all the benefits of the defense sought to be set up by such plea.

2. SCHOOLS—*liability of sureties upon bond of treasurer of township school fund.* The liability of sureties upon the bond of a treasurer of a township school fund is not limited merely to the term of office of such treasurer and a reasonable time thereafter within which his successor shall qualify, but extends up to and includes the period to the time of the actual qualification of the successor of such treasurer.

Action in debt. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellants.

JACOB P. LINDLEY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in debt brought by appellees against appellants, sureties upon the official bond of Robert S. McIntyre as treasurer of the township school fund, to recover the amount of an alleged defalcation by the said McIntyre as such treasurer in his lifetime. The bond is in the penal sum of $10,000, dated September 25, 1903, and conditioned as provided by statute that the said McIntyre, township treasurer of township 23 north, range 2 east, in the county of McLean, shall faithfully discharge all the duties of said office according to the laws which now are or hereafter may be in force, and shall deliver

to his successor in office after such successor shall have fully qualified by giving bond as provided by law, all moneys, books and papers, security and other property, which shall come into his hands or control as said township treasurer from the date of this bond up to the time that his successor shall have duly qualified as township treasurer by giving such bond as shall be required by law.

The declaration contains four counts. The first count recites the conditions of said bond and alleges that the same was approved and accepted by the trustees of schools and filed in the office of the county superintendent of schools of McLean county, and recorded in the office of the circuit clerk of said county; that said McIntyre took upon himself said office of treasurer and was such treasurer until December 5, 1906, when he died; that on December 12, 1906, William M. Reeves was appointed township treasurer as the successor in office of said McIntyre and duly qualified as such by giving bond; that said McIntyre did not faithfully discharge all the duties of said office, according to law, and did not deliver to his successor in office all moneys, books, papers, securities and other property which came into his hands as township treasurer from the date of said bond up to the time that his successor was duly qualified by giving bond as required by law; that said McIntyre, in his lifetime, and his administrator who was on December 12, 1906, duly appointed, failed and refused though requested to do so, to deliver and pay over to said Reeves his successor in office, the sum of $6,437.01 of money, which came into the hands or control of said McIntyre as township treasurer from the date of said bond and his said appointment after demand made therefor by said Reeves, his successor.

The second count in assigning the breach upon said bond alleges that at the time of the death of said McIntyre he was indebted to appellees on said bond in the sum of $7,647.94 for school funds and money re-

ceived by him as such treasurer, which his successor in office demanded of his administrator, and that said administrator failed and refused to deliver and pay over to his successor, except the sum of $1,210.93, which was paid to his successor by said administrator and that the balance of said amount due from said McIntyre was the sum of $6,437.01.

The third count contains the additional allegation that during the period from the date of said bond until the death of McIntyre on December 5, 1906, the said sum of $6,437.01 was received by said McIntyre by virtue of his said office as school moneys and funds of said township, and which during said period said McIntyre unlawfully and wrongfully converted to his own use.

The fourth count further alleges that said sum of $6,437.01 is shown by the books of account of said school funds kept by said McIntyre as such treasurer as required by law, and by his written reports made as required by law to the county superintendent of schools of said county during said term of office, to have been in his hands and possession as such treasurer at and after his said appointment and the giving and approval of his said bond during his said term of office as such treasurer. After demurrer overruled to the declaration the appellants filed their eleven pleas to all of which pleas except the first appellees interposed a general demurrer, and upon such demurrer being sustained by the court, appellants elected to abide their pleas. By agreement the cause was submitted to the court for trial without a jury and such trial resulted in a finding and judgment against appellants for $10,000 debt and $6,679 damages.

After the commencement of this suit appellants filed a bill in equity for the purpose of correcting certain official reports made by said McIntyre on June 30, 1903, 1904, 1905 and 1906, and to enjoin the prosecution of this suit upon his official bond until said

proceeding in equity should be determined. The circuit court sustained the demurrer interposed by appellees to said bill and appellants having elected to stand by their bill the same was dismissed for want of equity. Upon appeal to this court the decree of the Circuit Court was affirmed (143 Ill. App. 241) and upon further appeal to the supreme court the judgment of this court was affirmed. Cowden v. Trustees, 235 Ill. 604. It was there held that the sureties on the bond of a defaulting township treasurer who has been his own successor for many terms are concluded by his official reports, and that they cannot maintain a bill in equity to correct such reports for certain years for the purpose of showing that the defalcation occurred prior to the term for which they became his sureties.

It is first urged on behalf of appellants that the sureties on an official bond are not liable for acts and defaults of their principal which occur prior to the execution of the bond, and that the court erred in sustaining the demurrer to their eighth plea, wherein they aver that as to the first, second and third counts of the declaration, they ought not to be charged with said debt by virtue of said bond, because the indebtedness and defaults complained of in each of said counts of said declaration did occur and take place prior to September 25, 1903, the date of said bond. By several propositions submitted to the court by appellants to be held as the law of the case, the court held that appellants were not liable for any defalcations or misappropriation made by McIntyre which were made prior to the execution of the bond in question; that the sureties on the township treasurer's bond are responsible thereunder only for defalcations made by the township treasurer subsequent to the date of entering into such bond; that no recovery could be had from appellants for any defalcations made by McIntyre prior to September 25, 1903, and that the burden of proof was upon appellees to show

that the defalcation and misappropriation of funds by McIntyre occurred after September 25, 1903, and during the period of office for which the bond was given. Appellants were thus accorded the benefit as a defense of the rule of law which they sought to invoke by their eighth plea. The demurrer to said plea was however properly sustained because it fails either to deny that the sum of $6,437.01 or any part thereof which is averred in each of the first, second and third counts of the declaration, to have come into McIntyre's hands after the date of the bond, was in his hands at that time, or to aver that McIntyre lawfully paid out said sum of money or any part thereof.

Appellants' eleventh plea which was pleaded to the third and fourth counts of the declaration was bad for the reason stated in Cowden v. Trustees, *supra,* and the demurrer to said plea was properly sustained.

Appellants' main contention in the case relates to the defense sought to be interposed by their third and fourth pleas. Upon this question the position of appellants is stated by counsel in their brief as follows: "The liability of sureties on an official bond for a stated period of time or during a particular term of office cannot be continued indefinitely by reason of the failure of the successor of their principal to qualify and it makes no difference whether their principal is re-elected or some other person is chosen in his stead. The liability of the sureties will not terminate immediately upon the expiration of the official term, but will extend for a reasonable time after the expiration of the official term, and said reasonable time is such time as may be ordinarily required under the circumstances for the election of a successor and proper qualification of said successor."

The third plea avers that appellants ought not to be charged by virtue of the supposed bond in said declaration mentioned because said McIntyre was appointed such township treasurer on April 4, 1902, and

his term of office as such treasurer expired by virtue of law on April 4, 1904, and that he faithfully discharged all of the duties of said office during all of said time and for a reasonable time thereafter, and none of the wrongs complained of in said declaration occurred at any time from the date of the said bond, to wit: September 25, 1903, until the end of his said term of office or a reasonable time thereafter. The fourth plea further avers that during all of said term from April 4, 1902, until April 4, 1904, and for a reasonable time thereafter, said McIntyre faithfully discharged all of the duties of his said office, and did account for and deliver all of said moneys and funds coming into his charge as such township treasurer.

Appellants tendered to the court several propositions whereby they requested the court to hold as the law of the case that the bond in question only bound the sureties thereon for all defalcations of McIntyre during his term of office and a reasonable time thereafter, and did not bind the sureties for defaults made during a subsequent term of office; that the term of office of McIntyre was two years and that the bond in question was given to secure defaults for and during the term of office for which it was then given, and a reasonable time thereafter, and not for any defaults that were made by said McIntyre at a subsequent or succeeding term, and which happened more than a reasonable time after the expiration of the term for which the bond was given; that such reasonable time was the time necessary for the successor of the principal in the bond to qualify by giving an official bond for the succeeding term; that one year after the expiration of the term for which a township treasurer is elected is sufficient reasonable time in which such township treasurer must be compelled to re-qualify and give official bond, and the sureties upon the bond of his first term of office are not liable for the conduct of such township treasurer which happened after the expiration of such term of office for which said bond

was given and one year thereafter. These several propositions were refused by the court.

Section 23 of article 3 of the Act entitled Schools, provides that the treasurer of the board of school trustees shall hold his office for two years and until his successor is appointed, and section 4 of article 4 of the same Act, wherein the form of the bond to be given by the township treasurer is specifically designated, provides that the condition of said bond shall be that such "township treasurer shall faithfully discharge the duties of said office according to the laws which now are or may hereafter be in force, and shall deliver to his successor in office *after such successor shall have fully qualified by giving bond as provided by law,* all moneys, books, papers, securities and property which shall come into his hands or control as such township treasurer *from date of this bond up to the time that his successor shall have duly qualified as township treasurer by giving such bond as shall be required by law.*" Construing these provisions of the statute together there is no uncertainty or ambiguity therein regarding the liability of appellants as sureties for McIntyre upon the bond in question and the numerous cases cited by appellants in support of their contention that the sureties on an official bond are only liable for the default of the principal occurring during the term of his office and such reasonable time thereafter as may be necessary for his successor to qualify are clearly distinguishable from the case at bar. While a surety is not to be held liable beyond the terms and letter of his contract and such liability is *strictissimi juris* and not to be extended by construction or implication (People v. Foster, 133 Ill. 496), a surety cannot avoid liability by adopting a construction of his contract of suretyship which does violence to the language employed in such contract. To absolve appellants from liability upon the ground urged by them would be to disregard the plain letter of the contract and to indulge in mere judicial legis-

lation. The form of the bond prescribed by the legislature was doubtless so prescribed to protect the integrity of the school fund in precisely such a case as the one at bar.

The amount of McIntyre's defalcation and shortage as determined by the trial court is abundantly established by competent evidence in the record consisting of the several official reports made by him as township treasurer and the books required by law to be kept by him as such township treasurer, and which were so kept by him or by his direction. Counsel for appellants do not indicate wherein any error exists in the amount of the defalcation as ascertained and determined by the court and we are unable from an examination of the abstract of the record to find any error in that regard.

The finding and judgment of the Circuit Court is right and will be affirmed.

*Affirmed.*