# THE PEOPLE *ex rel.* WILLIAM B. JONES
## *v.*
# TIMOTHY T. BEACH.

1. MASTER IN CHANCERY—*tenure and term of office.* Under the act March 3, 1845, which remained in force until the first day of July, 1874, the term of office of masters in chancery expired on the first day of April, 1847, and every two years thereafter. A person appointed to that office Oct. 8, 1872, could only be appointed until the first day of April, 1873, and after the latter date the circuit judge had the right and the power to appoint his successor.

2. SAME—*holding over, is a de facto officer.* Where a master in chancery holds over after the expiration of the term for which he was appointed, he will be an officer *de facto* until his successor is appointed, and as such his acts will be binding as to all persons, including his sureties on his bond, as his right to the office can only be questioned by an information in the nature of a *quo warranto.*

APPEAL from the Circuit Court of Logan county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. JAMES K. EDSALL, Attorney General, and Mr. WM. B. JONES, for the appellant.

Messrs. LYNCH & FORSYTH, and Messrs. HOBLIT & FOLEY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The question presented by this record involves the construction of the first section of the act of March 3, 1845, (R. S. p. 571.) That section provides, "that from and after the first day of April next, the tenure of the office of master in chancery in the several counties in this State shall be two years." This was an amendment to the chapter entitled "Chancery," the 48th section of which fixed the term at four years. There are several minor questions presented, but in the view we take of the case, their consideration is unimportant. We shall, therefore, address ourselves to the merits of the case.

It appears that McGalliard resigned the office of master in chancery of Logan county on the 8th day of October, 1872, and relator was on that day appointed to the place; that he held the office until the 4th day of October, 1873, when the court, then in session, appointed appellee master in chancery for the county. He took the proper oath of office, and filed the requisite official bond, and has ever since been holding, exercising the powers and performing the duties of the office. It is not questioned that relator duly qualified and gave the proper bond when he was appointed to the office; but it is claimed that the unexpired term, to fill which he was appointed, expired on the first day of April, 1873, and that the circuit judge had power to appoint any suitable person to fill the office at any time subsequent to that day,

and that appellee was properly appointed, and is legally in office.

On the other hand, relator contends that his appointment was for the full term of two years from the 8th day of October, 1872, and that his term had not expired, and the appointment of appellee was illegal and unauthorized, and that appellee is an intruder, and should be ousted, and relator should be admitted to the office, with its privileges and powers; and to obtain that right he presented and asked leave to file the information. Whereupon the court made a rule on appellee to show cause why it should not be filed. He showed cause by filing an answer, and on a hearing the court below denied the relief sought, and discharged the rule, and relator has appealed to this court.

When does the term of office of masters in chancery expire? Manifestly, by the terms of the act of the 3d of March, 1845, on the first day of April every successive two years after the first day of April in that year. This is the plain and unambiguous language of that law. Before that time the term had been four years, but that statute reduced the term to two years after the first day of the ensuing April. The language, to our minds, is so clear that there is no room for construction. If, then, this be true, the term of office commenced on the first of April, 1871, and when relator was appointed there was only from the 8th of October, 1872, till the first of the next April of that term which was unexpired; and when this latter date arrived, the term was fully ended and determined. Relator, from that time until appellee was appointed, was, no doubt, an officer *de facto,* and as such his acts would be binding as to all persons, including his sureties on his official bond, as his right to the office can only be questioned by a proceeding of this character; but he was filling an office without appointment after his term had expired. He was, in contemplation of law, only appointed to fill the unexpired term.

He, however, urges that the appointment specified no time he should hold the office, and his bond recited that he was appointed for the term of two years. That could not matter, as the law fixes the term, and the time when it shall expire. The recitals in the bond could not control the order making the appointment, or the law fixing the tenure. They must control. The appointment of the judge could not, under the law, extend the time fixed for the office to expire. If he could for eighteen months, he could for a dozen or twenty years, and we presume no one would contend for such a power. Such a construction would abrogate the statute, and leave the tenure of the office to depend upon the will of the judge making the appointment, and thus practically repeal the statute.

It is, however, urged, that the act of the 15th of March, 1872, relating to courts of chancery, repealed the act of March 3, 1845. In this there is, evidently, a misapprehension. An examination of the repealing section of the first named act, will show that the latter named act was not repealed. It was not, until the act of the 31st of March, 1874, (R. S. 1013, sec. 11,) which went into force on the first of July of that year. Hence the argument that by the repeal of the law fixing the tenure of the office, by the act of 1872, deprived the judge of the power to appoint, must fail. All of the powers of the circuit judge remained as full and unimpaired when he appointed appellee, as they ever were after the adoption of the act of 1845, as it was then in full force.

We fail to perceive any error in the record, and the judgment is affirmed.

*Judgment affirmed.*