JOSEPH MORLEY

*v.*

THE TOWN OF METAMORA.

1. OFFICIAL BOND—*liability of sureties.* Where a supervisor is elected his own successor, and gives a new bond, the sureties are liable on such bond for any amount which appears to have been in the hands of such supervisor belonging to the town, at the end of the preceding official term.

2. A supervisor was elected for a second term, and at the end of the first term made a report, showing a certain amount in his hands belong-

ing to the town, which report was approved: *Held,* that such report must be considered as true, and that such amount was in his hands as his own successor, and that the sureties on his bond for the second term are liable for a failure on his part to account for it.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. CLARK & ELLWOOD, for the appellant.

Messrs. CHITTY & PAGE, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action is upon the official bond of a supervisor, to recover money which, it is alleged, he had in his hands at the expiration of his term of office, and failed to pay over to his successor, on proper demand being made. The condition underwritten the bond is in the usual form, and is in conformity with the provisions of the statute.

The principal in the bond was first elected supervisor in April, 1872, and was elected his own successor in April, 1873. The sureties on the bond given in the first year were not the same as on the one given the second year. It appears that, just before the expiration of the first term for which he was elected, he made a report, to the proper officers of the town, that he then had in his hands an amount of money about equal to the present judgment. His report was approved. On his re-election he gave a new bond, and entered anew upon the discharge of the duties of his office. It is upon this bond the action was brought.

It further appears, that during the last year the supervisor accounted for an amount of money about equal to the amount by him received during that year. The defense is, the defalcation all occurred during the first year, and hence the sureties on the first bond are liable for it.

There is no contest that the amount recovered is due from the supervisor to the town, but the question is, upon whom

is the liability for the default, whether upon the sureties on the first or the second bond.

It is not made to appear very clearly, that whatever default occurred took place in the first year the supervisor was in office; but, conceding that fact, we do not think it relieves the sureties on the bond upon which this action is brought, from liability. The supervisor was his own successor in office. He had made his annual report, in which he charged himself with having a certain amount of money in his hands. That report was approved, and we must presume it was true. When he was re-elected, it was in his hands as his own successor. These facts appeared upon the public records of the town. The new securities upon the official bond of the supervisor must be held to have had notice of what appeared on the public records. In contemplation of law, the money mentioned in his report was in the hands of the supervisor, and the undertaking of the sureties on his bond was that he should account for it. It was as much his duty to account for whatever funds were in his hands at the end of the first year, as it was to account for whatever should be received during the second year. The law made the sureties responsible for any default in that regard. There could be no action maintained against the sureties on the first bond at the expiration of that year, for there was no one who could make a demand for the money the supervisor reported as having in his hands, so as to establish a default.

This case, in principle, is not unlike *Pinkstaff* v. *The People*, 59 Ill. 148. In this case, as in that, the principal stood chargeable with certain funds, and the legal effect of the undertaking of the sureties is, that he should pay the same to his successor in office, on proper demand being made.

The judgment is warranted by the law and the evidence, and must be affirmed.

*Judgment affirmed.*