## THE PEOPLE
### v.
### CHARLES C. WARREN ET AL.

1. INTEREST OF TOWN IN PROSECUTION OF OFFENDERS—ATTORNEY'S FEES.—Where a town has a special interest in the prosecution of offenders, beyond that of the general public, in that it receives all fines imposed, such town may order its attorney to assist the State's attorney in such prosecutions, and may pay him therefor.

2. STATE'S ATTORNEY—PAYMENT OF FINES.—Where the statute required the State's attorney to pay certain fines to the town treasurer, and under a resolution of the town council he paid a portion of them to the town attorney, who had assisted him in the prosecutions from which the fines were derived. *Held*, that such payment by the State's attorney was a breach of his bond being in contravention of the statute, but the town having indirectly received the benefit of the money and the application of it, being by its request in discharge of a claim against it, allowed by its council, and being in a case where it could lawfully direct the payment out of funds of the town, the town can recover upon this breach of the bond nominal damages only.

3. SATISFYING JUDGMENT—LIABILITY.—Where the State's attorney entered satisfaction of certain judgments, and showed no authority from the town council or resolution or order of the board of trustees remitting such fines or directing him to satisfy the judgments, and he charged commissions for collecting the whole amount, and his report to the court, required by statute, showed that he had collected it. *Held*, that he and his sureties are bound to account for it.

4. STATE'S ATTORNEYS' FEES.—The statute providing what shall be the fees of State's attorneys, makes the character of the *crime* the criterion by which the fee is determined, and has reference to the general provision of the criminal code, where the punishment is prescribed, and not to a particular offender who may commit it.

5. FUNDS OF TOWN AND COUNTY TO BE KEPT SEPARATE—WHERE FINES COLLECTED WILL NOT CANCEL FEES.—The State's attorney should keep the funds of the town and county separate so long as the fines collected will cancel fees, but where such is not the case, he will be allowed to pay his earned, uncollectible fees out of any funds in his hands arising from fines and forfeitures collected by him.

APPEAL from the Circuit Court of Bureau county; the Hon. J. McROBERTS, Judge, presiding. Opinion filed February 29, 1884.

The People v. Warren et al.

This action is brought upon the official bond of appellee, Warren, as State's attorney of Bureau county, and the breach alleged is his failure to pay into the treasury of the town the fines collected by him from offenders against the criminal code, for crimes committed within the corporate limits of said town.

A trial was had before the court, a jury being waived, and a finding and judgment for the defendants, from which this appeal is prosecuted. It appears that Warren reported that he had collected fines to the amount of $574.85, which, under the charter of said town, should be paid by him into the town treasury, less the fees and commissions that, under the statute, he was authorized to retain out of it, and the contention is, whether he has properly accounted for all of said sum.

Mr. Owen G. Lovejoy, for appellants; that the statute allows municipal corporations to appeal without giving bond, cited R. S., Ch. 110, § 71; Emerson v. Clark, 2 Scam. 490; Caton v. Harmon, 1 Scam. 581; Brockway v. Rowley, 66 Ill. 99.

Payment of the fines to Kyle was a breach of the bond, and defendants are liable for the $198, unless they can show that the town received the money, and for nominal damages at least: People v. Yeazel, 84 Ill. 540; George v. Bischoff, 68 Ill. 237; Dehler v. Held, 50 Ill. 491.

As the charter and ordinances of the town directed that the fines should be paid to the treasurer, the resolution directing the payment to Kyle contravened the charter, and was therefore void: 1 Dillon on Municipal Corporations, § 251; City of Placerville v. Wilcox, 35 Cal. 21; McCormick v. Bay City, 23 Mich. 462; Daniels v. Mun. Council, 10 Upp. Can. Q. B. R. 80.

The town may plead *ultra vires:* 1 Dillon on Municipal Corporations, § 381; Cumberland Co. v. Edwards, 76 Ill. 545.

The State's attorney and his sureties are concluded by his receipts upon the record of the court and his reports under oath, as required by law: Gage v. Chicago, 2 Bradwell, 333; Morley v. Metamora, 78 Ill. 394; R. S. 1874, Ch. 53, § 9; People v. Christerson, 59 Ill. 157; Simmons v. Bradford, 15 Mass. 83.

The People v. Warren et al.

Messrs. ECKLES & KYLE and Messrs. FARWELL & WARREN, for appellees; that the doctrine of estoppel *in pais* is applicable to municipal corporations, and a plea of *ultra vires* will not avail after performance, and when the other party can not be placed in *statu quo*, cited Logan Co. v. City of Lincoln, 81 Ill. 156; Bradley v. Ballard, 55 Ill. 413; Chicago Building So. v. Crowell, 65 Ill. 453; West v. Madison Co., 82 Ill. 205; Darst v. Gale, 83 Ill. 136; East St. Louis v. E. St. L. G. L. & C. Co., 98 Ill. 415; P. & S. R. R. Co. v. Thompson, 103 Ill. 187.

Technical breach without injury does not authorize suit for the town, and if the town received, though in an indirect way, all it was entitled to, it can not recover it again: R. S., Ch. 14, § 1; People v. Yeazel, 84 Ill. 539.

The presumption is that all public officers in the discharge of official duties pursue the course pointed out by law; hence the court must presume that there was some sufficient reason why the money was paid to the town attorney and not to the treasurer: Todemier v. Aspinwall, 43 Ill. 406; People v. Auditor, 2 Scam. 567; Ballance v. Underhill, 3 Scam. 453; People v. Walsh, 96 Ill. 232.

PILLSBURY, J.   Objections have been taken by both parties to the action of the court below in its judgments upon the pleadings of the respective parties, but, as all the evidence was heard in the case that could have been introduced under the proposed pleadings, we shall confine ourselves to a discussion of the effect of the evidence upon the rights of the parties.

By section 17, Art. 7 of the charter of the town of Princeton, Sess. L. 1857, p. 1415, "All fines and penalties recoverable by indictment or action for any offenses committed within the limits of said town and which are now required by law to be paid unto the county treasurer or the school commissioner of said county, shall hereafter be paid unto the town treasurer for the use of said town."

As to such fines and penalties, the parties concede that it became the official duty of Warren to pay them to the town treasurer under such provision of the charter.

It is objected that the court below credited Warren with $198, one half of certain fines collected by him, and which he paid to one John T. Kyle, then town attorney, for his services in assisting the State's attorney in the prosecutions in the circuit court from which the fines were derived, upon the ground that the town had no authority to order its attorney to assist Warren in such cases.

The town of Princeton is authorized to appoint an attorney to attend to its legal business, and it having a special interest in the prosecution of offenders, beyond that of the general public, as it receives all fines imposed, no reason is perceived why it may not order its attorney to assist the State's attorney in such prosecutions and pay him therefor.

The question does not arise here whether the town would be authorized to employ counsel to assist the State's attorney and pay him out of corporate funds where the town had on different interest than the general public in the enforcement of the criminal code, and we decline the discussion of such question.

In these cases the town had a direct pecuniary interest in the successful prosecution of them, and we must conclude that the town council deemed the causes of sufficient importance to the town to pay additional counsel, and we are not aware wherein it exceeded its powers or violated any law in so doing.

It sufficiently appears from the record that Mr. Warren, while consenting to the employment and assistance of Mr. Kyle in such prosecutions, still retained the general control of them, and so far as shown, neglected no duty that he owed to the public.

Warren having collected the fines, the town council, by resolution, directed him to pay one half thereof to Mr. Kyle as compensation for his services, and he did so, taking Kyle's receipt, and the court allowed this amount, $198, to him as payment upon the fines.

The statute required Warren to pay these fines to the town treasurer, and it could be no justification to him for not doing so, that the council requested him to pay them to a third

party. This duty was defined by a statute of greater force than any direction of the town council.

·He was not an officer of the town, nor under the control of its council. His payment, therefore, to Kyle, was unauthorized and a breach of his bond; but the town having indirectly received the benefit of the money and the application of it, being by its request in discharge of a claim against it, allowed by its council, and in a case where, as we have seen, it could lawfully direct the payment out of the funds of the town, the amount paid was properly allowed in reduction of damages, and it can recover upon this breach of the bond nominal damages only. People, etc., v. Yeazel, 84 Ill. 540.

Warren entered satisfaction of record upon judgments against various parties for $100 fines imposed, and reported to the court that he had collected the same, and that after taking out his fees for convictions where the fines could not be collected, the balance of $45 had been paid to the treasurer of the town.

He figured his commission upon the whole $100 at ten per cent., and added thereto his uncollected fees of $45, and paid the treasurer $4.65, amounting in all to $59.65, the sum as now claimed by him that actually was collected, the treasurer, however, giving him a receipt for $45.

It is now claimed by him that the town did not desire the balance of the fines, $40.35, collected from the defendants, and the receipt was taken for the $45 to balance his account.

There does not seem to be any authority from the town council justifying him in entering satisfaction of the judgment, even if it be conceded that the council could thus remit the fines imposed. He has shown no resolution, or order, of the board of trustees remitting such fines, or directing him to satisfy the judgments. He charges commissions for collecting the whole amount, and his report to the court, required by the statute, shows that he had collected it, and under such circumstances, it seems that, under the decisions of our Supreme Court, he and his sureties must be held bound to account for it. Morley v. Metamora, 78 Ill. 394; Chicago v. Gage, 95 Ill. 593.

The People v. Warren et al.

It appears that he obtained a conviction of two boys under eighteen years of age upon indictment charging them with assault with intent to rob, and they were sentenced to the county jail, and another boy under sixteen years of age was sentenced to the reform school for burglary and larceny, and in adjusting his accounts with the town, he retained upon each of said convictions the sum of $15, which was allowed him by the court below.

The appellants object to the allowance of these items upon the ground alone, that the statute in such cases limits his fees to five dollars upon each conviction.

The statute provides that the State's attorney shall be allowed as fees: " On each conviction where the crime is punished by death or confinement in the penitentiary fifteen dollars, and five dollars each on all other convictions." This statute makes the character of the *crime* the criterion by which the fee is determined and evidently has reference to the general provisions of the criminal code where the punishment for the crime is prescribed, and not to a particular offender who may commit it.

We see no error in the action of the court below in this regard.

A question has also been made whether the State's attorney of Bureau county has the right to appropriate the fines collected by him, and which under the charter should be paid into the town treasury, to the payment of fees due him for conviction of offenders where the crime was committed without the limits of the town, and where such fines can not be collected from the defendants.

The general statutes authorize the State's attorney to pay his uncollectible fees out of any fines collected, and we think he had the right to thus apply any fines due the town if he has not collected enough from business outside the city to pay him.

The charter of the town considered in connection with the general statutes seems to require the State's attorney to keep two separate accounts, one for the county and the other for the town, and it would seem equitable that the collected

fines belonging to either town or county should first be applied to the fees of the attorney due in cases where he can not collect the fines due to such fund.

The State's attorney should keep the funds separate so long as the fines collected will cancel fees, but where such is not the case, he will be allowed to pay his earned uncollectible fees out of any funds in his hands arising from fines and forfeitures collected by him.

For the reason stated, the judgment of the court below will be reversed and the cause remanded with leave to either party to amend their pleadings, if they be so advised.

Judgment reversed.