JAMES N. LONGAN ET AL.

v.

GEORGE W. TAYLOR ET AL.

*Official Bond—Action On—School Township Treasurer—Reports and Entries—Balance.*

In an action of debt on the bond of a school township treasurer, this court holds that the final report made by him, and the entries made in the books kept by him in such capacity, are conclusive against him and his sureties as to the amount due.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Logan County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. OSCAR ALLEN, for appellants.

Messrs. BLINN & HOBLIT, for appellees.

It is claimed in the argument that two cases in this State, the case of City of Chicago v. Gage, 95 Ill. 626, and Morley v. Metamora, 78 Ill. 394, are not parallel cases with the one at bar. The principle decided by the Supreme Court in these two cases is the one we are contending for in this case, that where an official makes entries in his books or in a report which the law requires him to make, that both he and

the securities upon his bond are estopped to deny the correctness of those entries contained in his report; but there are a number of cases that the courts in this State have decided from time to time, re-affirming this principle. The case of Fogarty v. Ream, 100 Ill. 369, was a case where the securities upon a guardian's bond undertook to show, when suit was brought upon the bond, that while the guardian had reported that he had received a large sum of money since his appointment as guardian, the proof conclusively showed that after he became guardian he had not received one dollar, but had, as an attorney, prior to that time, squandered the money which he afterward, by his report as guardian, claimed to hold as such guardian. In deciding that case the court say, on page 377 : "It is sought, however, to prove that the guardian did not have in his possession the trust funds at the time that the complainant became his security, but had previously wasted the funds, and was then and has since that time continued to be insolvent. This the policy of the law will not permit him to do. It would open a wide door for frauds in such matters. Here the guardian elects to charge himself with the full amount of a claim in his favor for funds belonging to his ward. It is neither a false nor a fictitious claim. The money is absolutely due from the guardian to his ward, and neither the guardian nor his surety will be permitted to deny he has the money admitted to be in his hands. Any other rule would be most unsafe and lead to results the law will not tolerate." This case is exactly parallel with the one at bar. It is attempted here to show by Longan, that although he made the entries in this book which show that he had so much money to the credit of each school district, and filed a report showing the balance of school funds in his hands during his official term, that he may deny the truth of the entries, so that when sued upon his bond his securities can come into court and prove by him that he had spent this money, which the books and the report show that he had on hand years before.

In the case of Roper v. Sangamon Lodge, 91 Ill. 518, where one John A. Hughes was elected treasurer of an Odd

Fellows Lodge, he was sued upon his bond as treasurer, and pleas were filed that for two terms preceding the one commencing on the first of January, 1875, the principal at that time was a defaulter to the lodge for moneys previously received and misapplied; that it was then known to the officers and members of the lodge that he was a defaulter, but the sureties were ignorant of the fact; that the lodge was a secret organization of which defendants were not members, and were ignorant of its business; that it was the duty of the officers of the lodge, when the bond was executed, to inform defendants that Hughes was a defaulter, and that defendants were misled by the lodge re-electing him, and thereby inducing them to believe he had acted faithfully; that such officers and members gave to defendants no such notice. Demurrer was sustained to this plea and the decision was assigned for error. The Supreme Court held the plea bad. In the same case the court below refused to permit appellant to prove that the default occurred, and the misappropriation of the money was during the term previous to the election on the first of January, 1875, when other persons were his sureties, for the purpose of fixing the liability of the default on the sureties on the bond covering the previous term. The court he'd that defense could not be made "that appellants undertook in that case that Hughes should account for and pay the money, on orders from proper authority when required, and this he failed to do, and appellants must make his default good" On an examination of this case it will be seen that it is a much stronger case in favor of the sureties than the one at bar, and it is certainly conclusive that neither the principal n)r his sureties will be permitted to deny or contradict the entries in his books or his report.

*Per Curiam.* This was an action of debt on the bond of a school township treasurer. The case was tried by the court, a jury being waived, and resulted in a judgment against the principal and sureties on the bond for $1,201.07 damages.

After the execution of the bond the treasurer made certain entries upon his books, and the day he went out of office he

made a report to the trustees showing the condition of his account, and from these entries and this report it appeared that he was indebted in the amount of this recovery, giving credit for certain payments after he retired from the office. It appeared from the oral testimony of the treasurer that all money received by him after the execution of this bond had been paid out for the benefit of the respective districts, and that when this bond was executed he had in his hands only $38, which he also had paid out, and so it appeared from the entries upon the books of the said treasurer.

The court excluded the reports made to the county superintendent for 1886 and other years, tending to show a smaller deficiency for the period covered by the bond, than shown by the entries and reports offered in evidence by the plaintiffs.

The defendants asked the court to hold as law the following propositions, but the court declined to do so:

" The entries introduced in evidence by plaintiffs from the books kept by Longan as treasurer, do not operate as an estoppel against defendants to prevent them from proving that such entries are untrue."

" The report to the trustees, introduced in evidence, as made by said Longan on the last day he was in office, and stating the amount of money then in the hands of said Longan, does not operate as an estoppel against defendants to prevent them from proving that such amount was not then in his hands."

The important question is, whether the report made by the treasurer and the entries of receipts and disbursements as to each district, are conclusive against him and his sureties.

Upon the authority of Morley v. Metamora, 78 Ill. 394, and City of Chicago v. Gage, 95 Ill. 626, we are inclined to agree with the Circuit Court, and will, therefore, affirm the judgment.

*Judgment affirmed.*