JOHN J. COWDEN *et al.* Appellants, *vs.* TRUSTEES OF SCHOOLS, etc., *et al.* Appellees.

*Opinion filed October 26, 1908.*

BONDS—*sureties on a township treasurer's bond are concluded by his official reports.* Sureties on the bond of a defaulting township treasurer, who has been his own successor for many terms, are concluded by his official reports, and they cannot maintain a bill in equity to correct such reports for certain years for the purpose of showing that the defalcation occurred prior to the term for which they became his sureties. (*Morley* v. *Town of Metamora,* 78 Ill. 394, and *Fogarty* v. *Ream,* 100 id. 366, followed.)

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

LIVINGSTON & BACH, for appellants.

JACOB P. LINDLEY, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellants, who were sureties on the official bond of R. S. McIntyre as township treasurer, filed a bill in the circuit court of McLean county for the purpose of correcting certain official reports made by the township treasurer on June 30 of 1903, 1904, 1905 and 1906, and to enjoin a suit at law on the official bond until this cause is determined. The circuit court sustained a demurrer interposed by the trustees of schools to the bill, and appellants having elected to stand by their bill, the same was dismissed for want of equity. That decree has been affirmed by the Appellate Court for the Third District. By their further appeal appellants bring the case to this court for review.

The facts averred in the bill show that McIntyre was appointed township treasurer in 1880 and every two years thereafter, and that he held the office continuously until De-

cember 5, 1906, when he died. The bond upon which appellants were sureties covered the term from September 25, 1903, until September 25, 1905. The bill alleges that by his report made June 30, 1903, the treasurer showed cash on hand $2391.97, and notes, bonds, etc., on hand $4840; and on June 30, 1904, the report showed cash on hand $2166.97, notes $3450, personal notes $665 and distributable funds $41.25. After the death of McIntyre the trustees of schools demanded $7647.94 as the balance due from the administrator of McInytre, who turned over only $1210.93, leaving a balance unpaid of $6437.01. Appellants charge in their bill that this balance was misappropriated by McIntyre prior to September 25, 1903, and claim that they should not be held liable for any defaults except for such as occurred during the term during which appellants were sureties on his bond.

The questions presented by this appeal have been determined by this court adversely to appellants' contention. In the case of *Morley* v. *Town of Metamora,* 78 Ill. 394, the same contention was made that is now presented by appellants. In that case, as in this, the officer was his own successor and his sureties sought to escape liability on the ground here interposed. In that case it was said: "It is not made to appear very clearly that whatever default occurred took place in the first year the supervisor was in office; but conceding that fact, we do not think it relieves the sureties on the bond upon which this action is brought from liability. The supervisor was his own successor in office. He had made his annual report, in which he charged himself with having a certain amount of money in his hands. The report was approved and we must presume it was true. * * * In contemplation of law the money mentioned in his report was in the hands of the supervisor, and the undertaking of the sureties on his bond was that he should account for it." That case has been re-affirmed in *Roper* v. *Trustees of Sangamon Lodge,* 91 Ill. 518, and

in *Longan* v. *Taylor,* 130 id. 412. In the case last above cited the officer whose bond was in suit was a township school treasurer, and in that case it was held that the bondsmen of such officer were concluded by the reports made by their principal and were estopped from showing that such reports were untrue.

Conceding the law to be as laid down in the foregoing cases, appellants contend that a different rule should apply where sureties file a bill in equity for relief from the false and fraudulent reports made by the officer. This contention is fully met and determined adversely to appellants' view in the case of *Fogarty* v. *Ream,* 100 Ill. 366. That was a bill in equity filed by sureties for the purpose of being relieved from the payment of money where the default had occurred in the previous terms of the guardian. In disposing of that question this court, on page 377, said: "Had it appeared Lynch still had the trust funds on hand, or other funds with which to replace the same, when complainant became his surety on his official bond, his liability for any waste of such funds thereafter would not be contested. It is sought, however, to prove the guardian did not have in his possession or control the trust funds at the time complainant became his surety, but had previously wasted the same, and was then, and has ever since continued to be, insolvent. This the policy of the law will not permit him to do. It would open a wide door for frauds in such matters. Here the guardian elects to charge himself with the full amount of a claim in his favor for funds belonging to his ward. It is neither a false nor a fictitious claim. The money is absolutely due from the guardian to his ward, and neither the guardian nor his surety will be permitted to deny he has the money admitted to be in his hands. Any other rule would be a most unsafe one and would lead to results the law will not tolerate. No case exactly analogous with the one at bar has before arisen in this State, but the same principle has been applied to sure-

ties of defaulting municipal officers.—*Morley* v. *Town of Metamora,* 78 Ill. 394; *City of Chicago* v. *Gage,* 95 id. 593; *Cawley* v. *People,* 95 id. 249; *Roper* v. *Sangamon Lodge,* 91 id. 518."

Finding no error in this record the judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*