TRUSTEES OF SCHOOLS OF TOWNSHIP No. 23, ETC., Appellees, *vs.* JOHN J. COWDEN *et al.* Appellants.

*Opinion filed April 23, 1909.*

1. OFFICERS—*effect where statute fixes term of office.* Where the term of an officer is fixed by statute for a specified period and it is provided that he shall hold office until his successor is appointed or elected and qualified, the mere expiration of his term of office does not operate to vacate the office or impair the powers of the officer to perform his duties, nor to release his bondsmen for defalcations between the time the term of office expired and the appointment and qualification of the successor.

2. BONDS—*when the sureties on township treasurer's bond are liable.* Section 23 of article 3 and section 1 of article 4 of the School law, relating to the term of office and the bond of the township treasurer, must be construed together, and when so construed they render the sureties on his bond liable for all moneys and securities coming into his hands as township treasurer from the date of such bond until the time when he turns the same over to his successor, who has duly qualified by giving a new bond.

3. EVIDENCE—*books and reports of township treasurer are admissible against bondsmen.* Books and reports kept and made by a township treasurer as required by law are admissible in evidence in an action against the sureties on his bond, and the sureties are liable for the amounts shown therefrom to be unaccounted for after allowing credits over which there is no controversy.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

SIGMUND LIVINGSTON, and WILLIAM R. BACH, for appellants:

The liability of sureties on an official bond extends only for the term of office for which the same was given and a reasonable time thereafter, within which reasonable time a successor must be elected and qualified. *People* v. *Toomey*, 122 Ill. 308; *Trustees of Schools* v. *Smith*, 88 id. 181; *Board of Administrators* v. *McKowen*, 55 Am. St. Rep. 275; *Morley* v. *Metamora*, 78 Ill. 394; *County of Wa-*

*pella* v. *Bigham,* 10 Iowa, 39; *South Carolina Society* v. *Johnson,* 1 McCord, 41; *Bigelow* v. *Bridge,* 8 Mass. 275; *Commissioner* v. *Greenwood,* 1 Dessaus. 450; *Insurance Co.* v. *Smith,* 2 Hill, 589; *Bank* v. *Briggs,* 37 L. R. A. 845; *Welch* v. *Seymour,* 28 Conn. 387; *Dover* v. *Twambly,* 42 N. H. 59; *Chelmsford Co.* v. *Demarest,* 7 Gray, 1; *King County* v. *Ferry,* 19 L. R. A. 500; *O'Brien* v. *Murphy,* 175 Mass. 253; *Harris* v. *Babbitt,* 4 Dill. 185; *Norridgewock* v. *Hale,* 80 Me. 462; *Camden* v. *Greenwald,* 65 N. J. L. 458; *Arlington* v. *Merricke,* 3 Saund. 411; *Bank* v. *Root,* 43 Mass. 542; *County of Scott* v. *Ring,* 29 Minn. 398; *Mayor* v. *Crowell,* 40 N. J. L. 207; *Enterprise Co.* v. *Allen,* 67 Cal. 505; *Davis* v. *People,* 1 Gilm. 409; *People* v. *McHatton,* 2 id. 638; *Governor* v. *Lagow,* 43 Ill. 134; 1 Smith on Mun. Corp. sec. 341; Stearns on Suretyship, sec. 171; 1 Dillon on Mun. Corp. sec. 216, notes 3, 4; *State* v. *Crooks,* 7 Ohio, 515; *Riddel* v. *School District,* 15 Kan. 168; *Insurance Co.* v. *Clark,* 33 Barb. 33; *Building Ass.* v. *Miles,* 16 Fla. 204.

The liability of a surety on an official bond is construed *strictissimi juris. McLain* v. *People,* 85 Ill. 205; *Orton* v. *Lincoln,* 156 id. 499; *People* v. *Foster,* 133 id. 496.

The term of office of a township treasurer is two years. Hurd's Stat. chap. 122, sec. 52.

JACOB P. LINDLEY, for appellees:

Where the tenure of an office is fixed for a specified period of time "and until a successor shall be elected or appointed and qualified," the officer is an officer *de jure,* as well as *de facto,* until his successor is elected or appointed and has qualified. *People* v. *Barnett Township,* 100 Ill. 332; *State* v. *Pipkin,* 77 N. C. 408; *People* v. *Beach,* 77 Ill. 52; *Dumphy* v. *People,* 25 Mich. 10; *Baker City* v. *Murphy,* 35 L. R. A. 39; *Akers* v. *State,* 8 Ind. 484; *Badger* v. *United States,* 93 U. S. 599; *People* v. *Foster,* 133 Ill. 496..

The sureties on an official bond are liable for the acts of their principal during his term of office, and so long thereafter as he continues to exercise the functions of his office pursuant to law. *People* v. *Foster,* 133 Ill. 496.

Sureties in an action on an official bond cannot escape liability by imputing to some other officer negligence or failure to perform the same duty. *Estate of Ramsay* v. *People,* 197 Ill. 572; *Stern* v. *People,* 102 id. 540; *Campbell* v. *People,* 154 id. 595; *Spindler* v. *People,* 154 id. 637.

A township treasurer and his sureties, under our statute, are made insurers of funds coming into the treasurer's possession, and nothing can relieve them from their obligation safely to keep and pay over such funds but the act of God or the public enemy. *Thompson* v. *Trustees,* 30 Ill. 99; *Estate of Ramsay* v. *People,* 197 id. 572.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of debt commenced by the trustees of schools of township 23, range 2, McLean county, in the circuit court of said county, against the defendants, as sureties upon the official bond, which was in the statutory form, of Robert S. McIntyre, as treasurer of said township. The declaration contained four counts, and there were filed thereto eleven pleas. The court sustained a demurrer to all of the pleas except the first, and the case was tried before the court, by the agreement of the parties, without a jury, and a finding and judgment were rendered in favor of the plaintiff for $10,000 debt and $6679 damages, which judgment, on the appeal of the defendants, was affirmed by the Appellate Court for the Third District, and they have prosecuted a further appeal to this court.

The pleas to which demurrers were sustained and the propositions of law submitted to the trial court by the defendants and refused raised the following questions, which have been discussed in the briefs of the respective parties:

*First*—It is contended that the sureties upon the official bond of a township treasurer are not liable for the acts and defaults of their principal which occurred prior to the execution of the bond. The trial court held the propositions of law incorporating the principle of law above enunciated, submitted by the defendants, in their favor, and the demurrers to the pleas which sought to present that principle of law upon the facts were properly sustained, as each of said pleas was not responsive to the counts of the declaration to which they were filed, in this: that each of said counts averred the funds of the township for which the sureties of McIntyre were sought to be held liable came into the hands of McIntyre subsequent to the execution of his official bond signed by the defendants and upon which this suit was predicated.

*Second*—It is next contended that the defendants were released upon the official bond of McIntyre by reason of his failure to give a new bond within a reasonable time after the term of office covered by the bond signed by them had expired. It appears that McIntyre had been treasurer of the said township for a number of years; that he was re-appointed for a full term and gave the official bond sued on on the 25th of September, 1903, and the position of the defendants is, that said bond only bound them to answer for McIntyre's defaults for the period of two years from the date of his last appointment and for a reasonable time thereafter,—that is, for such reasonable time as would have afforded McIntyre an opportunity to have given a new bond. McIntyre died December 5, 1906, and the defendants were held to be liable for any defalcations which might have taken place between the date of the bond and the date of the death of McIntyre,—that is, for a period of three years, two months and ten days.

The fifty-second paragraph of chapter 122 (3 Starr & Cur. Stat.—2d ed.—p. 3657,) provides that a township treasurer shall hold his office for two years and until his

successor is appointed, and a township treasurer's bond (a form of which is given in paragraph 99 of the same chapter of the statute) provides that such treasurer shall faithfully discharge the duties of said office according to the laws which now are or may hereafter be in force, and shall deliver to his successor in office, after such successor shall have fully qualified by giving bond as provided by law, all moneys, papers, securities and property which shall have come into the hands of such treasurer from the date of his bond up to the time his successor shall have duly qualified as township treasurer by giving such bond as shall be required by law. The bond in this case was given September 25, 1903. McIntyre died December 5, 1906, and demand was made upon the administrator of McIntyre, and each of the defendants, as sureties upon McIntyre's bond, by said successor, to turn over to him and pay to him, as such successor, all moneys, books, papers, securities and property which had come into the hands of McIntyre, as treasurer, since the date of said bond, and there being a failure to comply with such demand, this suit was begun against the defendants, as sureties, to enforce a compliance with the conditions of said bond.

We think it evident that paragraphs 52 and 99 of chapter 122 should be construed together, and this being done, it is clear that the defendants, as sureties upon said treasurer's bond, remained liable for all moneys, etc., which came into McIntyre's hands, as township treasurer, from the date of said bond until the date of his death. If the obligation assumed by the defendants, as sureties on said township treasurer's bond, was held to terminate prior to the time when the principal in the bond had settled with and turned over to his duly qualified successor the moneys, etc., of the township, the same might be lost solely through the neglect of the trustees in not requiring the township treasurer, in case of re-appointment, to give a new bond, while the obligation of the bond as fixed by the statute is, that the lia-

bility of the sureties upon such bond shall only cease after the treasurer has delivered to his successor, who has duly qualified by giving bond, all moneys, books, papers, securities and property which has come into his hands or control, as such treasurer, from the date of his bond. In *Swift* v. *Trustees of Schools,* 189 Ill. 584, on page 588, this court said: "The law is well settled in this State that a township treasurer, by virtue of the statute, is an insurer of the funds coming to his possession; that to exonerate himself upon his bond he must show that he has paid out or disposed of the funds in his hands in pursuance to law, or that he has been prevented from so doing by the act of God or the public enemy."

The rule in this State is, that when the term of an officer is fixed for a specified period of time by the statute, and it is provided he shall hold the office until his successor is appointed or elected and qualified, the mere expiration of the period of time fixed for the duration of the office will not operate to vacate the office, or to impair the powers of the officer to perform the duties of the office, or to release his bondsman for the defalcations of his principal during the period of time that may intervene between the expiration of the period of time specifically fixed in the statute and the appointment and qualification of his successor. *People* v. *Beach,* 77 Ill. 52; *People* v. *Supervisor,* 100 id. 332.

*Third*—It is finally contended that there is no competent evidence in this record upon which to base the judgment rendered in this case. It appears that during the time that McIntyre was township treasurer he kept the books and made the reports required of him, as such treasurer, by law. Those books and reports were introduced in evidence, and showed that at the time of his death, after allowing him certain credits about which there was no controversy, there remained in his hands, unaccounted for, the amount of the judgment rendered against the defendants, as sureties, upon his official bond. Said books and reports were competent

evidence and established the liability of defendants. *Morley* v. *Town of Metamora,* 78 Ill. 394; *Roper* v. *Trustees of Sangamon Lodge,* 91 id. 518; *Longan* v. *Taylor,* 130 id. 412; *Cowden* v. *Trustees of Schools,* 235 id. 604.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*