THE TOWN OF CICERO, Appellee, *vs.* JOSEPH HALL *et al.* Appellants.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

1. BONDS—*when town collector's bond is not merely a common law obligation.* The fact that a town collector's bond is conditioned that he will faithfully account for the money coming into his hands as collector and pay over the same according to law "or the resolution of the board of trustees," whereas the town's special charter specifies the condition of the bond to be that he will well and truly pay over and account for the money "to the party or parties entitled thereto," does not constitute such a substantial variance as changes the character of the bond from a statutory to a common law obligation.

2. SAME—*a demand is not necessary before bringing civil suit on an official bond.* The making of a demand upon a town collector is not a condition precedent to the right to bring a civil suit upon his official bond, even though such demand is necessary, under section 215 of the Criminal Code, before instituting a criminal proceeding against a public officer for failing to pay over public money upon the demand of his successor in office.

3. SAME—*time from which interest is chargeable in suit on an official bond.* The making of a town collector's official report showing the amount collected and paid out by him must be treated as a

settlement of his account with the town, within the meaning of the general statute allowing creditors interest from the day of liquidating accounts and ascertaining the balance due, and hence in a suit on the collector's bond for an amount reported as "shortage, failure Lincoln Bank," interest is chargeable from the date of such report. (*Whittemore* v. *People*, 227 Ill. 453, distinguished.)

4. OFFICERS—*town collector is responsible for loss of money from failure of bank.* It is the duty of a town collector to collect the money and pay it over to the town treasurer but it is no part of his duty to select a depository for the funds, and if they are lost through failure of a bank in which he deposited the money instead of paying it over to the treasurer he is responsible for the loss.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.

RUNNELLS, BURRY & JOHNSTONE, for appellants:

A bond containing conditions materially different from those required by statute cannot be enforced as a statutory bond. It is good, if at all, only as a common law obligation. *Richardson* v. *People*, 85 Ill. 495.

A common law bond must be construed strictly. *Mix* v. *Singleton*, 86 Ill. 194; *Phillips* v. *Singer Manf. Co.* 88 id. 305.

The sureties on a common law bond are liable only for good faith, ordinary skill and diligence of the principal in the performance of his duties. *Railway Co.* v. *Bartlett*, 120 Ill. 603; *Cumberland* v. *Pennell*, 69 Me. 357; *People* v. *Faulkner*, 107 N. Y. 477; *United States* v. *Thomas*, 15 · Wall. 337; *Heldsburg* v. *Mulligan*, 4 Pac. Rep. 337.

The judgment must be reversed because no demand was made prior to bringing suit. *Dreyer* v. *People*, 176 Ill. 590.

Interest should not have been allowed. *Devine* v. *Edwards*, 101 Ill. 138; *Fowler* v. *Harts*, 145 id. 592; *Franklin County* v. *Layman*, 145 id. 138; *Alcohol Works* v. *Sheer*, 104 id. 586; *Hotel Co.* v. *Claflin Co.* 175 id. 119.

JOHN J. SHERLOCK, and HIRAM T. GILBERT, for appellee:

A bond may be a good statutory bond though worded quite differently from the form prescribed by law. *Magner v. Knowles,* 67 Ill. 325.

The town collector, whose duty it is to collect the moneys of the town and pay them promptly over to the town treasurer, does not faithfully perform the duties of his office to the best of his skill and ability when, instead of paying over the moneys promptly, as the law requires, he retains them and deposits them in an insolvent bank and loses them.

Demand by the town of Cicero upon Hall before commencing suit was unnecessary. The authority cited by counsel for appellants is to the effect that a demand upon the defendant to turn over money in his hands as treasurer is a prerequisite to a valid indictment for embezzlement. (*Dreyer v. People,* 176 Ill. 590.) That rule has no application to a civil case.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the municipal court of Chicago rendered in favor of the town of Cicero, and against Joseph Hall and the Metropolitan Surety Company, in an action of debt on a collector's bond. The case was tried in the municipal court without a jury, upon the facts, which are not in dispute. On April 4, 1906, Joseph Hall was elected collector for the town of Cicero for the term of one year. On April 17 Hall as principal and the Metropolitan Surety Company as surety entered into a bond in the penal sum of $20,000, payable to the town of Cicero, with a condition therein that the said Joseph Hall should faithfully account for all moneys that might come into his hands as collector and pay over the

same pursuant to the provisions of law or the order or resolution of the board of trustees of the town of Cicero and faithfully perform all the duties of his office to the best of his skill and ability, which was duly accepted and approved as the official bond of the said Joseph Hall, who thereupon entered upon the discharge of the duties of his office. From his official report of April 30, 1907, it appears that the collector received from miscellaneous sources $53,704.29. Of this amount $46,528.13 is accounted for by payments to the treasurer, commissions, etc., leaving a balance of $6102.07, which the report shows as a shortage on account of the failure of the Lincoln Bank. · It is the liability of the collector and his surety for the $6102.07 lost by the failure of the Lincoln Bank, in which the collector deposited the funds, that is involved in this suit. The trial court held the defendants liable and rendered judgment in debt for the penalty of the bond, to be discharged upon the payment of $6329.96 damages, and that judgment has been affirmed by the Appellate Court.

By propositions of law submitted, appellants requested the· trial court to hold that the bond sued upon was only valid as a common law obligation, and that the deposit of the funds in a bank in good faith, whereby they were lost by the insolvency of the bank, did not constitute a breach of the condition of the bond. The refusal of the trial court to hold the propositions containing appellants' view of the law on this point is the principal error relied upon in this court.

The town of Cicero was organized under a special charter passed in 1869, section 6 of which provides as follows: "The collector shall, upon entering upon the duties of his office, execute a bond to the town of Cicero in such sum and with such sureties as the board shall determine, conditioned that he will well and truly pay over and account for all moneys that may come to his hands as collector and that he will faithfully discharge the duties of his said office."

Appellants contend that the condition of the bond, that the collector should ·faithfully account for all moneys that may come ·into his hands and pay the same over pursuant to law "or the order or resolution of the board," is such a substantial departure from section 6. of the charter that the obligation cannot be held to be a statutory bond, and that appellants' liability is to be determined under the bond as a common law obligation, which, under the authority of *Chicago, Burlington and Quincy Railroad Co.* v. *Bartlett,* 120 Ill. 603, only requires the exercise of good faith, ordinary skill and diligence in the performance of his official duties.

We do not find it necessary to consider the question whether the town of Cicero is entitled to recover under the bond sued on as a common law obligation. We are of the opinion that the variance between the bond sued on and the provisions of section 6 of the charter is not of such substantial character as to destroy the instrument as a statutory bond. A departure from the language of the statute in immaterial particulars will not destroy a bond as a statutory obligation. In *Neil* v. *Morgan,* 28 Ill. 524, this court held that the omission to recite the names of sureties in the body of a bail bond did not affect the statutory obligation where the instrument was properly signed and sealed by such sureties. This omission was held to be immaterial, notwithstanding in the statutory form blank spaces were left for the insertion of the names of sureties. *Magner* v. *Knowles,* 67 Ill. 325, was a suit upon the official bond of a constable. In the bond the word "execution" instead of "executions" was used, and the following words were wholly omitted from the bond: "and all such damage as each and every person may sustain by way of any malfeasance, mis-feasance or non-performance of duty on the part of said constable." The point was urged in this court that the bond could not be sustained as a statutory bond on account of the above variance. The decision was against the exception, and the judgment was affirmed on the ground

that the bond was in substantial compliance with the statute and was a good statutory bond.

The provision in the bond in the case at bar that the collector would pay the money over pursuant to law "or the order or resolution of the board," and the omission of the words "to the party or parties entitled thereto," do not constitute a substantial variance from the provision of the bond required by section 6 of the charter of the appellee. There was no error in refusing appellants' propositions of law upon this point.

Appellants' next contention is, that the bond in suit did not cover taxes collected from real estate; that the collector gave a separate bond for real estate collections, upon which the Metropolitan Surety Company was not a surety. This contention cannot be sustained. The report of the collector shows that he kept separate accounts, and that the money deposited in the Lincoln Bank, which was lost, arose from various miscellaneous collections, such as saloon, junk, peddlers' and other licenses. No part of the above judgment below was for real estate taxes collected. The court did not err in refusing to hold that appellee had not made out its case in this respect.

It is next contended by the appellants that the finding should have been for them because there was no proof of a demand upon the collector before the institution of this suit, and the case of *Dreyer* v. *People,* 176 Ill. 590, is relied on in support of this contention. The case cited was a criminal prosecution under section 215 of the Criminal Code, which makes it a felony for any officer authorized by law to collect, receive, keep or disburse public money who shall fail or refuse to pay or deliver over the same when required by law or demand made by his successor in office. It was held by this court that it was necessary to aver and prove that a demand had been made upon the officer to sustain a conviction under this statute. Neither section 215 of the Criminal Code, nor the decision above cited

construing it, has any application to a civil action, such as the one at bar, to recover funds improperly withheld by a public officer. We are not aware of any provision of the statute or any decision of this court which requires the making of a demand as a condition precedent to the right to bring a civil suit upon an official bond of this character.

The municipal court allowed interest upon the shortage from the expiration of the collector's term of office until the day upon which the judgment was rendered, at five per cent, and appellants assign error upon the allowance of such interest. In this there was no error. Our statute provides, *inter alia,* that creditors shall be allowed interest at the rate of five percentum on money due on the settlement of account from the day of liquidating accounts and ascertaining the balance. We think that the making of the official report by the collector, showing the amount of money that he had collected and paid out, should be regarded as a settlement of his account with the appellee, and that the balance thus shown and not properly accounted for was chargeable with interest from that date. This case is distinguishable on this question from the case of *Whittemore* v. *People,* 227 Ill. 453. In that case the money sought to be recovered was claimed by the officer as fees belonging to his office. Here the only excuse given by the officer for not paying over the money is that he lost it through the failure of a bank in which he had deposited it. The collector was required, under the law and his bond, to collect and pay the money over to the town treasurer. It was no part of his duty to select a depository for such funds.

Finding no error in the record the judgment of the Appellate Court is affirmed.        *Judgment affirmed.*