## A. F. Swisher et al., Appellees, v. Fidelity & Deposit Company of Maryland, Appellant.

1. PLEADING—*when declaration cured by verdict.* If a declaration states a good cause of action although defectively, a verdict operates to cure the defective statement.

2. APPEALS AND ERRORS—*when failure to carry demurrer back cannot be complained of.* A defendant who has not tested the declaration by demurrer cannot complain of the court's refusal to carry the plaintiff's demurrer to his pleas back to the declaration where the record shows no ruling upon such a motion nor exception thereto.

3. SURETYSHIP—*what conclusive upon sureties.* Entries in the principal's books of account of moneys in his hands at the date of the bond in suit and his report at the expiration of a previous term of office showing the amount then in his hands, are conclusive upon the surety and the surety is estopped from showing that such entries and report are untrue.

4. SURETYSHIP—*what conclusive upon sureties.* When an officer is re-elected and becomes his own successor, and at the commencement of his second term, reports a certain sum in his hands and gives bond with sureties to account for and pay over the moneys coming to his hands during the term, his sureties, when sued, will be responsible for the sum so reported in his hands, and will not be allowed to show the defalcation, in fact, occurred during the previous term.

5. SURETYSHIP—*what not defense to action upon indemnity bond.*

The failure of a lodge to give information to the surety company of facts of which the surety company was ignorant, does not relieve such surety company from liability if such information was as accessible to it as it was to the lodge.

6. SURETYSHIP—*what not defense to action upon indemnity bond.* It is not the duty of a lodge indemnified, or of its officers, to require its treasurer to keep the lodge funds in any particular manner or depository and the fact that such treasurer failed to keep such funds separate from his own, does not constitute a defense.

7. SURETYSHIP—*what does not discharge surety.* A settlement or adjustment of a defalcation provided for by resolution of the lodge indemnified if not carried into effect will not operate to discharge the surety company.

8. EVIDENCE—*when best, required.* The records of a lodge are the best evidence of resolutions adopted by such lodge and such evidence is required unless failure to produce it is duly accounted for.

Action in debt. Appeal from the Circuit Court of Vermilion county; the Hon. W. R. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911. Rehearing denied December 8, 1911.

SWALLOW & SWALLOW, for appellant.

JONES & BOOKWALTER and A. A. PARTLOW, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in debt upon a surety bond executed by one Ingram as principal and the defendant corporation as surety to secure the honest and faithful performance by Ingram of his duties as treasurer of Bismark Lodge No. 893 I. O. O. F., of which lodge the plaintiffs were trustees. Upon a trial in the circuit court, at the conclusion of the evidence, the trial judge directed a verdict in favor of the plaintiffs, for the sum of $2,000 debt and $898.81 damages. To reverse the judgment rendered upon such verdict this appeal is prosecuted by the defendant.

To the declaration a number of special pleas were

interposed, the averments of which were, in substance, the following: By the third original, it is alleged that during the term said bond was in force, to wit, from April 1, 1908, to May 1, 1909, Ingram received as treasurer of said lodge, the sum of $858.82, and that as such treasurer he disbursed all of said money so received in payment of orders drawn upon him as such treasurer, by the proper officers of the lodge, and that he had therefore accounted for all moneys received by him as such treasurer during the term such bond was in force; by the fourth original, that Ingram had been treasurer during two prior terms; that prior to March 19, 1908, he had converted to his own use $1091.16; that the lodge represented to the defendant that Ingram had never been in default, which representation said lodge knew to be false; by the fifth original, that Ingram had been treasurer for two prior terms; that prior to March 19, 1908, he had converted to his own use $1091.16, of which fact the officers of the lodge had knowledge, and that nevertheless they represented to the defendant that Ingram had never been in default; by the first additional, that the trustees of said lodge failed to notify the defendant within thirty days after knowledge of the default; by the second additional, that the trustees of said lodge did not notify the defendant of said default within thirty days nor until June 11, 1909, at which time the said Ingram was insolvent; that if said plaintiffs had notified the defendant within said thirty days of said default, as stipulated in said bond, the defendant could have protected itself against any loss on account of said acts of said Ingram; by the third additional, that prior to the execution of the bond, the defendant sent a statement to said lodge containing the following question: "Is the applicant now or has he ever been short, in arrears or in default in his accounts to this order?" which question was

answered in writing "No," and signed by the acting Noble Grand of said lodge, and that said defendant, relying on said written statement and believing the same to be true, was induced to execute said bond; that prior to said March 19, 1908, said Ingram had converted to his own use the sum of money claimed in the declaration, which fact the plaintiffs, by the exercise of reasonable diligence, should have known; by the fourth and fifth additional, similar allegations to those in the third additional, and by the sixth additional, that prior to the time the plaintiffs notified the defendant of the defalcation of Ingram the said lodge had loaned the said Ingram the sum of money mentioned in the declaration, and in consideration of his resignation as said treasurer, agreed to grant him time within which to reimburse said lodge, and this without notice to the defendant. A demurrer was sustained to the third original plea, and the defendant elected to abide thereby. Demurrers to the remaining pleas were overruled, and issue joined thereon.

The evidence shows that on March 19, 1908, the defendant became security upon Ingram's bond, as alleged in the declaration: that Ingram had been treasurer of the lodge for several years prior to that time, and had always conducted the affairs of his office satisfactorily, paid all orders drawn on him promptly, and kept his books correctly; that in a written statement furnished by the defendant, containing the questions set out in the third, fourth and fifth additional pleas, the lodge answered in the negative; that upon the expiration of the term for which the bond in suit was given, it was ascertained that Ingram was a defaulter in the sum of $928.81; that the defendant was given notice as required by the provisions of the bond, and afterward, through its agent, audited the books, which showed such defalcations.

It is first contended that the declaration was insuffi-

cient upon which to base a recovery, for the reason that it did not allege compliance with the conditions as to notice prescribed in the bond, and further, that the court erred in admitting evidence tending to show such compliance, in the absence of such averment. In answer to such contention it will suffice to say that the declaration stated a good cause of action, although defectively, and was good after verdict. Its sufficiency was not tested by demurrer, and the defendant cannot now complain that the court refused to carry the demurrer to the pleas back to the declaration, inasmuch as the record shows no ruling upon the motion, nor an exception thereto. Waschow v. Kelly Coal Co., 245 Ill. 516.

The contention that the court erred in sustaining the demurrer to the third original plea and in refusing to permit the defendant to show that Ingram had lost the amount of money for which he was short, prior to the giving of the bond in suit, and that he had paid out more money during the term of such bond than he had received as such treasurer, as alleged in said plea, is without force. The entries in Ingram's books of account of the moneys in his hands at the date of the bond, and his report at the expiration of his previous term of office, showing the amount of money then in his hands, were conclusive upon the defendant, and it is estopped from showing that such entries and reports were untrue. Longan v. Taylor, 130 Ill. 412; Morley v. Metamora, 78 Ill. 394; Roper v. Sangamon Lodge, 91 Ill. 518; City v. Gage, 95 Ill. 593-625.

When an officer is re-elected and becomes his own successor, and at the commencement of his second term, reports a certain sum in his hands, and gives bond with sureties to account for and pay over the moneys coming to his hands during the term, his sureties, when sued will be responsible for the sum so reported in his hands, and will not be allowed to show the defalcation, in fact, occurred during the previous term. Roper v.

Sangamon Lodge, *supra;* Cowden v. Trustees, 235 Ill. 604; Town v. Grisko, 240 Ill. 220; Town v. Hall, 240 Ill. 160; Trustees v. Cowden, 240 Ill. 39; Trustees v. Arnold, 58 Ill. App. 103; Ladd v. Trustees, 80 Ill. 233.

There is no evidence to support the first and second additional pleas, but on the contrary, the evidence does disclose that sufficient timely notice was, in fact, given to the defendant by the lodge, as soon as it became fully aware of the defalcations.

The demurrer to the third, fourth and fifth additional pleas should have been sustained. While it is true that had the officers of the lodge falsely and fraudulently represented that Ingram was not in default, when in fact they knew the contrary, the defendant would not have been liable, the lodge was not bound to exercise reasonable care to learn the truth before answering the questions asked. They were bound only to act in good faith and answer truthfully to the best of their knowledge, information and belief. The pleas do not allege fraud or actual knowledge, and the proof offered in support thereof fails to establish the same. The failure of the lodge to give information to the defendant of facts of which the latter was ignorant, when, as in the present case, such information was as accessible to it as to the plaintiffs, is unavailing as a defense. The latter were not bound to act as agent of the former, when it might have, by reasonable diligence, acquired the information necessary to protect itself. Roper v. Sangamon Lodge, 91 Ill. 518.

The rejection of the proof offered by the defendant tending to show that the accounts of the treasurer had not been audited semi-annually as required by the constitution of the Order, and that Ingram had failed to keep the lodge funds separate from his individual funds, and had paid orders by checks upon his individual bank account, was not prejudicial error. Such proof, if adduced, would have been insufficient to establish

actual knowledge on the part of the plaintiffs that In-
gram was a defaulter.   It was not the duty of the
lodge or its officers to require the treasurer to keep the
lodge funds in any particular manner or depository,
and the fact that he failed to keep them separate from
his own was not a matter which concerned the lodge.
The defendant undertook, for a consideration, to guar-
antee the fidelity and honesty of Ingram, and that he
would produce the funds in his hands when called upon
to do so, and the lodge had the right to rely upon such
guaranty.   If the manner and place of keeping the
funds rendered the risk more hazardous, the defend-
ant, not the plaintiffs, should have taken action to cor-
rect or change the practice.

In support of the sixth additional plea, the defend-
ant offered to prove, by the oral evidence of members
of the lodge, "that on March 25, 1909, at a regular
session of the lodge, Ingram offered to resign in con-
sideration of the lodge loaning him the sum of money
involved in this suit and giving him an extension of
time within which to pay the same, which resignation
was accepted and the lodge by a two-thirds vote passed
a resolution loaning him this money and extending
the time of payment, without notice to appellant."   The
defendant offered also the record of a meeting of the
lodge "held on the 25th of March, 1909, at Bismark,
Illinois, showing motion by Brother I. E. Starr, that
we loan Mr. Ira Ingram $900 at six per cent, to be se-
cured by trust deed to Danville property and other-
wise, to satisfy the trustees of this Lodge.   Vote then
carried by two-thirds vote. Brother Ira Ingram re-
signed as treasurer.   Motion that we accept Brother
Ingram's resignation. So ordered."   There was no offer
to further prove that the transaction was completed
by the giving of a trust deed to secure the proposed
loan or that it was otherwise secured to the satisfac-
tion of the trustees, or that Ingram was released in any

way. The oral evidence offered was clearly improper. The records of the lodge, if available, were manifestly the best evidence of its proceedings. The ruling of the court was therefore not prejudicial to the defendant.

The judgment of the circuit court is affirmed.

*Affirmed.*