MOSES SAVILLE, *et al.,* v. SCHOOL DISTRICT No. 27, MARSHALL COUNTY.

TREASURER OF SCHOOL DISTRICT; *Action Against; Evidence.* The books and annual reports of the treasurer of a school district, purporting to contain an account of the moneys collected and expended by him as such treasurer, though admissible in evidence against him in an action by the district to recover a balance of moneys alleged to be in his hands, are not conclusive. They are to be weighed with other evidence by the jury, and the accounts therein may be explained and controverted by such treasurer.

*Error from Marshall District Court.*

ACTION brought on a school-district treasurer's bond, given to School District No. 27, of Marshall county, dated April 18, 1873, to recover a balance alleged to be due to the

34—22 KAS.

district. *Moses Saville* was the treasurer, and the principal on the bond, and *John L. Freeland* and *Henry Knowlton* were the sureties. Trial was had by the court, with a jury, at the December Term of the district court of said county for 1875. The jury returned a verdict in favor of the school district for $116.21, and afterward judgment was rendered against *Saville* for this sum, together with all costs, and against his sureties for $52.52, the latter sum being the amount originally evidenced on the summons. The defendants bring the case here.

*W. H. H. Freeman*, for plaintiffs in error.

*B. Giltner*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial of this case in the district court, the plaintiff in the court below (the defendant in error here) offered in evidence, to support the issues in its behalf, the treasurer's book of said School District No. 27, kept during the term of Saville as such treasurer, and also a report submitted by him at the annual meeting of the school district in 1874. Upon this evidence it was claimed that the teachers' fund account showed a balance due from Saville as such treasurer. Upon the part of the defense, Saville testified that he was not competent to keep the accounts of the district, and therefore hired one Peck to keep his books the first term, and one Patterson to keep them the second term; that he turned over to these parties his vouchers; that they made up his accounts; that his last account was made up by Mr. Patterson. Patterson stated the account at the annual meeting, and said the district owed the treasurer (Saville) $3.28. This settlement witness thought satisfactory to all. Patterson was the clerk of the district. The clerk read the last report at the annual meeting, and the people voted witness should have an order for $3.28 due him. The director and clerk issued an order for that amount. Witness had all his vouchers at the school meeting, and left them on the table in the school house.

After the meeting adjourned, some one carried them to the stove to burn them; that he tried to prevent him, but they were burned in spite of him; that he thought Mr. Patterson the clerk and Mr. Woodward the director did this. They said everything was satisfactory and settled, and that the vouchers were good for nothing. Thereupon said Saville was asked this question: "Had you, at the commencement of this action, or have you since then, had any money in your hands belonging to this plaintiff?" The question was objected to, on the ground that the witness could not contradict his books. The court sustained the objection, and refused to permit the witness to answer.

Then the witness was asked: "When the annual report was submitted, had you or have you since had any money in your possession belonging to the school district?" The court refused to allow the question to be answered, on the ground that the witness could not contradict his own account.

The ruling of the court, that the treasurer could not contradict his books or his accounts kept during his terms of office, was error, and of a character to prejudice his rights before the jury. Under such ruling, no explanation could be given by witness or others in his behalf of the mistakes or incorrectness of said books or accounts. It is well settled that admissions, though in writing, not having been acted upon by another to his prejudice, are not generally conclusive against the party making them, but are left at large, to be weighed with other evidence by the jury. Under the circumstances of the manner in which the official books and accounts of the plaintiff in error were kept while he was the treasurer, and the attempted settlement at the annual school meeting of 1874, we think said party had the right to explain and controvert, without any breach of good faith or evasion of public justice, the books and accounts; and that though admissible in evidence, they are not conclusive against him. They are explainable. The law of estoppel has no application here.

No brief or oral argument has been presented on the part

of the defendant in error, and we have not thought it necessary, therefore, to examine the record further than to dispose of the main question raised by the counsel for the plaintiff in error.

The judgment of the court below will be reversed, and the case remanded for a new trial.

All the Justices concurring.