No. 31,630

School District No. 5, in Ford County, *Appellant*, v. W. J. Randall, *Appellee*.

(42 P. 2d 562)

Opinion filed April 6, 1935.

*John W. Davis,* of Dodge City, for the appellant.

*Albert Watkins, Arthur C. Scates* and *Horace H. Watkins,* all of Dodge City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a school district against the surety on the bond of the district treasurer. The court refused to strike a portion of the answer, and the school district appeals.

In April, 1929, at the annual school meeting, J. L. Balla was elected treasurer of the district. W. J. Randall signed his bond as surety. The bond provided for faithful performance of duties of the office. The petition alleged Balla died a defaulter in the sum of $2,507.96, and prayed judgment against Randall for that sum.

At the school-district meeting Balla was elected treasurer to succeed himself. The answer alleged that in his first term Balla misappropriated specified sums of money, and other sums, so that at the end of the first term, he had in his hands as treasurer only $46.88. The answer further alleged:

"That on April 12, 1929, the regular meeting of the plaintiff district took place; that said Balla, as such treasurer, presented to said meeting a pretended report, purporting to show a balance of school funds in his hands of $2,925.88; that said pretended report was incorrect, false and untrue; that said Balla did

not then have said pretended balance, or any part thereof, save the trifling sum of $46.88, aforesaid; that an auditing committee was appointed at said meeting to examine the treasurer's report; that the patrons of said district present at said meeting and the said auditing committee made no inquiry or investigation and exerted no efforts to ascertain the incorrect and false status of said pretended report; that said Balla, as such treasurer, never at any time produced or exhibited to said meeting, or to said auditing committee, or to the board of said district any money, checks, drafts, certificates of deposit, bonds, notes or other thing of value to evidence his actual and *bona fide* possession of said purported balance of $2,925.88, or any part thereof."

The foregoing are the allegations of the answer which the court refused to strike.

The surety contends that if the allegations of the answer should be proved, the surety could not be held for the full amount of money with which the treasurer charged himself at the end of his first term, but only with the amount not misappropriated, $46.88. The school district contends the surety was conclusively bound by the treasurer's report, showing he had in his hands the sum of $2,925.88.

The statute reads:

"The treasurer shall keep a book in which he shall enter all the moneys received and disbursed by him, specifying particularly the sources from which money has been received, and the person or persons to whom and the objects for which the same has been paid out. He shall present to the district at each annual meeting a report in writing, containing a statement of all moneys received by him from the county treasurer during the year; also, all moneys collected by him during the year from assessments in the district, and of the disbursements made by him, with the items of such disbursements, and exhibit the vouchers therefor, which report shall be recorded by the district clerk; and at the close of his term of office shall settle with the district board, and shall hand over to his successor said book and all receipts, vouchers, orders and papers coming into his hands as treasurer of the district, together with all the moneys remaining in his hands as such treasurer." (R. S. 72-1020.)

It seems that in Illinois the report of a school treasurer who succeeds himself, showing the amount of money on hand at the time a surety becomes such, may not be contradicted by the surety. (*Cowden v. Trustees of Schools*, 235 Ill. 604.) By the weight of authority the bond is not retroactive, and does not cover defaults occurring in the preceding term; and in a suit against the surety, the treasurer's report to the board or school-district meeting is *prima facie* evidence only, with respect to actual amount in the treasurer's hands at the beginning of the second term, and the surety may show the facts. (23 L. R. A., n. s., 131, note.)

This court has held that in an action against a school-district

treasurer and his surety for shortage in a fund, the treasurer is not concluded by his report, which is *prima facie* evidence only against him. (*Saville v. School District,* 22 Kan. 529.) In this instance, the statute was ignored, and in such a case it is clear the surety is not estopped to contest the treasurer's report or settlement, which are *prima facie* evidence only. (See *School District v. Herkenrath,* 155 Ia. 275, 281.) In the case of *Zavesky v. Maryland Casualty Co.,* 136 Kan. 478, 16 P. 2d 504, the principal and surety on a guardian's bond were held to be estopped by the principal's accounting to the probate court. In that case, verified reports were filed in a court of record, and judicial action was based on them.

The judgment of the district court is affirmed.